Reversed and Remanded and Memorandum Opinion filed January 23, 2003













Reversed and
Remanded and Memorandum Opinion filed January 23, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00293-CV

_______________

 

RICHARD B.
STOWELL, Appellant

 

V.

 

JOY J. STOWELL and NEVA MARCH JOHNSON,

INDIVIDUALLY
and AS CO-TRUSTEES

OF THE JOHNSON
TRUST A, Appellees

__________________________________________

 

On Appeal from
the 125th District Court

Harris County, Texas

Trial Court
Cause No. 98-15787-A

__________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In this suit for misappropriation of
trust assets, Richard Stowell appeals a summary
judgment in favor of Joy J. Stowell and Neva March
Johnson (“Johnson”), individually and as co-trustees of the Johnson Trust A
(“Trust A”), on the grounds that: (1) there was no evidence that Trust A was
entitled to judgment for the amount awarded to it; and (2) punitive damages
could not be awarded to Johnson without an award of actual damages to her.  We reverse and remand.




                                                                   Background

            After suing Stowell
for conversion, fraud, and breach of fiduciary duty for misappropriation of
funds held in trust accounts, appellees moved for
summary judgment. The trial court granted their motion and awarded Trust A
$418,870.87 in actual damages and awarded Trust A and Johnson, individually,
$800,000 in punitive damages.  Stowell appeals this judgment by restricted appeal.  See
Tex. R. App. P. 30.

                                                            Standard of Review

            A restricted appeal: (1) must be
brought within six months of the date of judgment; (2) by a party to the suit;
(3) who did not participate in the hearing that resulted in the judgment
complained of; and (4) the error must be apparent from the face of the
record.  Id.; Quaestor Invs., Inc. v.
State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per
curiam). 
Review by restricted appeal entitles the appellant to the same scope of
review as an ordinary appeal, except that the error must appear on the face of
the record, which for purposes of a restricted appeal consists of all the
documents on file.  Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per
curiam).  In
this case, it is undisputed that Stowell satisfied
the first three elements of a restricted appeal.[1]  Therefore, we address only whether he has
shown error on the face of the record.

            A summary judgment may be granted if
the motion and summary judgment evidence show that there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law
on those issues expressly set out in the motion or response.  Tex. R. Civ. P.
166a(c).  A nonmovant
need not respond to a motion for summary judgment to contend on appeal that the
movant’s summary judgment proof is legally
insufficient to support the summary judgment. 
M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  In reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and
indulge every reasonable inference, and resolve any doubts, in the nonmovant’s favor.  Southwestern Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002).

            The foregoing legal sufficiency
standard of review for a traditional summary judgment, which requires
conclusive proof in favor of the movant, differs
considerably from the legal sufficiency standard applied to a fact finding in the trial court, where only a
scintilla of evidence supporting the disputed fact is required.[2]  Appellees contend
that in a restricted appeal, the requirement that error appear on the face of
the record changes the standard of review of a summary judgment to that
otherwise applicable to a fact finding in the trial court.  Therefore, according to appellees,
in reviewing a summary judgment on a restricted appeal, the evidence is viewed
in favor of the finding and is legally sufficient as to any fact sought to be
proved by the movant if that fact can be inferred
from the summary judgment evidence. 
However, none of the cases appellees cite to
support this proposition involve a restricted appeal or a summary judgment;[3] and
the cases we have found have applied the summary judgment standard of review in
restricted appeals.[4]  We are therefore without authority to depart
from the summary judgment standard of review in order to draw inferences in appellees’ favor from the summary judgment evidence.

                                                               Actual Damages

            Stowell’s
first issue contends there is no evidence to support the award of $418,870.87
to Trust A because it was based on the affidavit of Joy Stowell,
which states that: (1) there were two trusts, Trust A and Johnson Trust B
(“Trust B”); and (2) the funds Stowell
misappropriated came from accounts belonging to both Trust A and Trust B, (i.e., without specifying the amounts
taken from accounts belonging to each trust). 
Therefore, Stowell claims the evidence
establishes that some portion of the amount awarded to Trust A was instead owed
to Trust B so that there is no evidence to support the amount awarded to Trust
A.  We agree.

            The record is ambiguous, if not
contradictory, regarding the status of Trust A and Trust B relative to one
another.  Appellees’
sixth amended petition describes the trust that is the plaintiff as “the
JOHNSON TRUST A (also known as the Johnson Trust and/or the Johnson Trust B . . . .”
whereas appellees’ motion for summary judgment
describes it as “the JOHNSON TRUST (also
known as the Johnson Trust A and/or the Johnson Trust B . . . .” (emphases
added).  Similarly, the only evidence
supporting the actual damage award was the following portions of the affidavit
of Joy Stowell:

            My father established the Johnson Trust during his life .
. . .  After my father’s death, the
Johnson Trust was divided into two
subparts, the Johnson Trust A and the Johnson Trust B.  My mother and I are co-trustees on both trusts. . . .

            During the mid 1990s, the Johnson Trust A and Johnson
Trust B held various accounts at banks and financial institutions. . . .  Richard Stowell
basically wiped out the various accounts of the Johnson Trust A and the Johnson
Trust B. . . .  Once I learned what had
occurred, Richard Stowell paid some sums back to the trusts.  The balance of the funds misappropriated from
these accounts is $418,870.87. . . .

            In Richard Stowell’s
depositions during the divorce proceedings, he has admitted that he took the
money without my authorization and owes the money to the Trust.

(emphases
added).  Therefore, the summary judgment
record: (1) is inconsistent with regard to whether Trust A and Trust B are two
subparts of a single trust or are each a legally distinct trust; (2) is
ambiguous as to whether the trust accounts were held by Trust A and Trust B
separately or jointly; (3) provides no information regarding how much money was
taken from, or returned to, Trust A as distinguished from Trust B; and (4) to
the extent Trust A and Trust B are legally distinct, provides no basis to
conclude that Trust A had standing to recover any amounts taken from Trust
B.  Because the summary judgment evidence
thus fails to prove as a matter of law that Trust A was entitled to recover the
$418,870.87 it was awarded, we sustain Stowell’s
first issue.

                                                           Exemplary Damages

            Stowell’s
second issue contends that appellee, Neva Johnson,
could not be awarded exemplary damages in that she did not recover actual
damages.  See Schlueter v. Schlueter,
975 S.W.2d 584, 589 (Tex. 1998)
(holding that recovery of punitive damages requires a finding of an independent
tort with accompanying actual damages). 
However, because our sustaining of Stowell’s
first issue leaves no award of actual damages, the award of exemplary damages
cannot be affirmed in favor of either Johnson or Trust A for this reason.  

 

Accordingly,
Stowell’s second issue is sustained, the judgment of
the trial court is reversed,[5] and
the case is remanded to the trial court for further proceedings.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 23, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 











[1]           A restricted appeal is permissible
where, as here, an appellant neither filed a summary judgment response nor
appeared at the hearing on the motion.  Havens v. Ayers, 886 S.W.2d 506, 509
(Tex. App.—Houston [1st Dist.] 1994, no writ); see Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985).





[2]           See, e.g., Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d
573, 577 (Tex. 2002) (noting that, in reviewing a legal sufficiency challenge
to a jury finding, the appeals court views the evidence in the light that
supports the finding and disregards all evidence and inferences to the
contrary; and that the evidence is legally sufficient if more than a scintilla
of evidence exists).





[3]           See Lewelling v. Lewelling, 796
S.W.2d 164, 165-66 (Tex. 1990)
(ordinary appeal of a child custody determination); Tate v. Tate, 55 S.W.3d 1, 3-5 (Tex. App.—El Paso 2000, no pet.)
(ordinary appeal of a property division in a divorce); Knoll v. Neblett, 966 S.W.2d 622, 626
(Tex. App.—Houston [14th Dist.] 1998, pet. denied) (ordinary appeal of a
take-nothing judgment following a medical malpractice jury trial).





[4]           See
Ridgeline, Inc. v. Crow-Gottesman-Shafer No. 1, 734
S.W.2d 114, 116-17 (Tex. App.—Austin 1987, no writ) (applying traditional
standard of review to reverse summary judgment in appeal by writ of error); Davis v. Hughes Drilling Co., 667 S.W.2d
183, 184 (Tex. App.—Texarkana 1983, no writ) (same); Tex. R. App. P. 30 (statutes pertaining to former writ of error
appeals to the courts of appeals apply equally to restricted appeals).





[5]           If an error affects part, but not
all, of a matter in controversy, and that part is separable without unfairness
to the parties, the judgment must be reversed and a new trial ordered as to
only the part affected by the error.  Tex. R. App. P. 44.1(b).  However, the court may not order a separate
trial solely on unliquidated damages if liability is
also contested.  Id.  In this case, even though Stowell
has contested only damages and not liability, it is not possible to affirm the
judgment, in part, as to liability because the summary judgment record creates
confusion regarding what Trust A consists of and, thus, to what trust(s) any
liability would be owed.