James E. DAVIS, Appellant,

v.

HUGHES DRILLING COMPANY,
Appellee.

No. 9203.

Court of Appeals of Texas,
Texarkana.

Nov. 1, 1983.

James S. Hudson, Jr., Texarkana, for appellant.

B.A. Britt, Harkness, Friedman, Kusin & Britt, Texarkana, for appellee.

BLEIL, Justice.

James Davis appeals by writ of error. He contends that the trial court erred in granting a summary judgment. We agree and reverse.

Hughes Drilling Company filed suit on a sworn account. Davis duly answered. Hughes moved for summary judgment August 25, 1982 and the trial court set a hearing on the motion for October 4. Davis opposed the motion by asserting the defense of payment and attached an affidavit. The summary judgment motion was heard and granted November 15.

Initially, we determine whether Davis can proceed by writ of error. To do so the action must be (1) brought within six months; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record. *Brown v. McLennan County, Etc.*, 627 S.W.2d 390 (Tex.1982). Applying these criteria to the facts in this case, we find that Davis brought this action within six months of the judgment against him and that he was a party to the suit. The remaining questions are whether he participated in the trial as contemplated by Tex. Rev.Civ.Stat.Ann. art. 2249a (Vernon 1971) and, if not, whether error is apparent from the face of the record.

The extent of participation in a trial which precludes an appealing party from seeking writ of error review is one of degree. Filing an answer or motion for

new trial will not preclude writ of error review. *Alejo v. Pellegrin,* 616 S.W.2d 331 (Tex.Civ.App.—San Antonio 1981, writ dism'd); *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd). Participation in the trial means just what it says: actual trial participation. Although Davis filed pleadings, the record fails to show that he received notice of the summary judgment hearing, or that he was present for the hearing. He is not precluded from bringing an appeal by writ of error by virtue of having participated in the trial. And we find error apparent from the record.

In reviewing summary judgment proceedings on the merits we apply certain rules: (1) The movants have the burden of showing that there is no issue of material fact, and that they are entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference will be indulged in favor of the non-movants and doubts resolved in their favor. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex. 1979); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1976); Tex.R.Civ.P. 166–A.

■ Hughes was required to establish all of the elements of its cause of action as a matter of law. But, because Davis relied on an affirmative defense to Hughes' suit, he was required to go forward with evidence of the affirmative defense. Davis presented his affirmative defense of payment by a verified answer and sworn opposition to the motion for summary judgment with an attached affidavit, raising factual issues concerning the validity of Hughes' claim. We hold that Davis raised a fact issue which precluded the granting of summary judgment.

We reverse the judgment and remand the cause to the trial court.