Derrick HENDERSON, Appellant,

v.

William JOCK, et al., Appellees.

No. 12-92-00260-CV.

Court of Appeals of Texas, Tyler.

Aug. 12, 1993.

---

Derrick Henderson, pro se.

Bruce R. Garcia, Asst. Atty. Gen., Austin, for appellees.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal by writ of error from a Section 13.001, TEXAS CIVIL PRACTICE & REMEDIES CODE dismissal. Derrick Henderson is an inmate in the Texas Department of Criminal Justice–Institutional Division (hereinafter TDCJ–ID) and has proceeded *pro se* as an indigent pursuant to TEXAS RULE OF CIVIL PROCEDURE 145. The Appellees are employees and officials of TDCJ–ID. We will deny Appellant's petition for writ of error and affirm the trial court's judgment.

Henderson brought claims against the Appellees including allegations of the use of excessive force, denial of medical care, assault and battery, civil conspiracy, and intentional infliction of emotional distress. On June 24, 1992, the Appellees responded with their answer, and a motion to dismiss on grounds that Henderson's claims were frivolous and without merit. On that same day, the trial court granted the Appellees' motion to dismiss. On August 12, 1992, past the time deadline for perfecting an ordinary appeal, Henderson filed his petition for writ of error with the trial court.

 We may review by writ of error only if the petition: (1) is brought within six months of the date of judgment, (2) is brought by a party to the suit who did not participate in the trial, and (3) sets forth error that is apparent from the face of the

record. TEX.R.APP.P. 45; *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). There is no doubt that Henderson filed his petition for writ of error within six months of the final judgment. However, Henderson, the *plaintiff* in the suit below, cannot be considered a party who did not participate in the trial. In *Lawyers Lloyds of Texas v. Webb,* 137 Tex. 107, 152 S.W.2d 1096 (1941), the Supreme Court noted that the purpose of the "nonparticipation" requirement was to deny the right of appeal by writ of error to parties "who should reasonably be expected to utilize the speedier method of appeal." *Id.,* 152 S.W.2d at 1098. The court reasoned that:

> Those who participate in the trial leading up to the rendition of judgment are familiar with the record, and are therefore in position to prepare for appeal on short notice; whereas, those who do not so participate in the actual trial, and are therefore unfamiliar with the record, may need additional time in which to familiarize themselves with the record.

*Id.* In an analogous context, the court also recognized that taking part in all steps of a summary judgment proceeding, except appearing at the hearing on the motion for summary judgment, constitutes participation. *Stubbs,* 685 S.W.2d at 645.

Likewise, in *Thacker v. Thacker,* 496 S.W.2d 201 (Tex.Civ.App.—Amarillo 1973, writ dism'd), a defendant in a lawsuit was given notice of the date set for the hearing on the motion for summary judgment but failed to appear. Because he had filed an answer and cross-action, served interrogatories, and responded to the motion for summary judgment, the court held that the defendant could not seek writ of error review because he participated in the actual trial. *Id.* at 203–205. Significantly, participation was not required at the summary judgment hearing.

Similarly, Henderson "participated" to the extent he was required to as *plaintiff* in the lawsuit. The court dismissed the claims without a hearing. Henderson does not argue that the court failed to give him notice of the motion or the dismissal. It appears that, having missed the time deadline to perfect an ordinary appeal, Henderson would have us

conclude that he is entitled to a second opportunity for appeal to this Court. This is not the purpose of appeal by writ of error. We conclude that Henderson participated in the trial and is therefore precluded from appellate review by writ of error.

Appellant's petition for writ of error is denied and the judgment is affirmed.