CANADIAN TRITON INTERNATIONAL LIMITED, Appellant,

v.

JFP ENERGY, INC., Appellee.

No. 08–93–00248–CV.

Court of Appeals of Texas,
El Paso.

Nov. 17, 1994.

Walter E. Spears, William K. Conkin, Bartley, Johnson & Conkin, P.C., Houston, for appellant.

Robert E. Meadows, R. Bruce Hurley, Sewell & Riggs, Houston, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

### NATURE OF THE CASE

Appellant filed this petition for writ of error challenging a summary judgment in

the trial court. Appellant argues: (1) that participation in a prior summary judgment proceeding on another issue, participation in discovery, and responding to the instant motion after it was granted do not constitute participation in the actual trial for the purposes of a writ of error proceeding; and (2) that error appears on the face of the record in that the trial judge granted respondents counter-motion for summary judgment sixteen days after it was filed with the trial court. We grant Appellant's petition for writ of error and reverse the judgment of the trial court.

### I. *SUMMARY OF THE EVIDENCE*

Canadian Triton International Limited ("Canadian Triton"), a Cayman Islands corporation, filed suit against JFP Energy, Inc. ("JFP") on September 29, 1989. At issue was a $1.2 million draft by JFP on a letter of credit pursuant to an International Offshore Drilling Contract (the "Contract"). Canadian Triton alleged failure of a condition precedent, fraud, and DTPA violations. In 1990, both parties moved for partial summary judgment as to the issue of the assignment of the cause of action to Canadian Triton from Canadian Triton International, Ltd., a Canadian corporation. The trial judge granted summary judgment, holding the assignment valid, on April 27, 1990. The parties then engaged in discovery including interrogatories and requests for admission. On October 30, 1992, the plaintiff moved for partial summary judgment on the contract claim. The motion was set for submission on November 23, and oral argument was requested. On November 16, JFP filed its response combined with a counter-motion for summary judgment on the whole suit. On December 2, the trial judge signed an order denying Canadian Triton's motion for partial summary judgment and granting JFP's counter-motion. Sixteen days elapsed between the filing of JFP's counter-motion for summary judgment and the signing of the order granting that motion. On December 3, both parties submitted a joint request for oral hearing for both summary judgment motions, and asked that the date for such hearing be no earlier than December 17. On December 16, JFP filed its notice of submission of its coun-

ter-motion for summary judgment for January 11, 1993. The counter-motion was later re-set for January 25. Canadian Triton filed its response to the counter-motion on January 15, ten days prior to the counter-motion's submission date.

The signing of the summary judgment order, which disposed of the whole case, somehow escaped the attention of both parties and the trial court until May of 1993. Canadian Triton filed its petition for writ of error on May 28, 1993.

### II. *DISCUSSION*

■ For this Court to have jurisdiction to review Canadian Triton's complaints, Canadian Triton must:

(1) file the writ of error within six months after the judgment is signed;

(2) be a party to the suit;

(3) not have participated in the actual trial of the case in the trial court; and

(4) show error apparent from the face of the record.

*Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex. 1982); *see* Tex.R.App.P. 45; *see generally* W. Wendell Hall, *Appellate Review of Default Judgments By Writ of Error*, 51 Tex.B.J. 192 (1988). The first two elements are clearly met; therefore, we address the last two.

#### *Participation in the "Actual Trial"*

Rule 45 prevents review by writ of error where the petitioner participated in person or by attorney in the "actual trial of the case." Tex.R.App.P. 45(b). This does not mean an actual trial on the merits, *Girdley v. Southwestern Bell Yellow Pages, Inc.*, 869 S.W.2d 409, 411 (Tex.App.—El Paso 1993, writ denied), but the decision-making event producing the final judgment adjudicating a party's rights. *Id.; In re Estate of Hillje*, 830 S.W.2d 689, 691 (Tex.App.—San Antonio 1992, no writ); *Flores v. H.E. Butt Grocery Co.*, 802 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1990, no writ). The extent of participation in the "actual trial" is a matter of degree. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex.1985). When the issue of participation in the "actual trial" has arisen in

regard to summary judgment proceedings, Texas courts have generally held that parties participate in the "actual trial" when they have notice of the summary judgment hearing, and respond to the motion. *See, e.g., Dillard v. Patel,* 809 S.W.2d 509, 510, 512 (Tex.App.—San Antonio 1991, writ denied); *Burton v. Home Indem. Co.,* 531 S.W.2d 665, 667 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.); *Thacker v. Thacker,* 496 S.W.2d 201, 204–05 (Tex.Civ.App.—Amarillo 1973, writ dism'd); *c.f. Henderson v. Jock,* 864 S.W.2d 576, 577–78 (Tex.App.—Tyler 1993, no writ) (holding that a party participated at trial by filing petition and having notice of motion to dismiss, where the dismissal was the event adjudicating the party's rights); *Classic Promotions, Inc. v. Shafer,* 846 S.W.2d 948, 949–50 (Tex.App.—Houston [14th Dist.] 1993, no writ) (holding that a party participated by responding to the motion to strike which adjudicated the party's rights). However, there is no requirement that a party be actually present or actually represented at a hearing dispositive of the party's rights. *Classic Promotions,* 846 S.W.2d at 949.

■ In the instant case, Canadian Triton sought partial summary judgment on their contract claim. The motion for partial summary judgment was pending when JFP filed its response to the partial summary judgment motion combined with a counter-motion for summary judgment on all claims. Sixteen days later, after the submission date for the partial summary judgment motion but before a submission date was set for the counter-motion, the trial judge ruled on *both* motions. There was no hearing on the motions, and Canadian Triton did not file a response to the counter-motion until January 15, 1993, ten days before JFP's final setting of the counter-motion for submission. The "decision-making event determining the party's rights" was the trial court's signing of the order denying the partial summary judgment motion, and granting the counter-motion. Because there was no hearing where Canadian Triton could have participated in the summary judgment proceeding, and Canadian Triton had no notice the counter-motion was set to be acted upon, and Canadian Triton had no response on file to the counter-motion when the court acted on the counter-motion, we hold Canadian Triton did not participate in the "actual trial of the case."

### Error on the Face of the Record

■ The final requirement appellant must show for appeal by writ of error is error apparent on the face of the record. *McLennan County Children's Protective Servs.,* 627 S.W.2d at 392. In determining whether there is error on the face of the record, we must examine the whole record in the appeal. *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991).

The Rules of Civil Procedure require summary judgment motions be filed twenty-one days before the time specified for the hearing, unless leave of court is granted. TEX. R.CIV.P. 166a(c). A response to a summary judgment motion may be filed up to seven days prior to the summary judgment hearing. *Id.* Rule 166a must be strictly construed because summary judgment is a harsh remedy. *Stephens v. Turtle Creek Apartments, Ltd.,* 875 S.W.2d 25, 27 (Tex.App.— Houston [14th Dist.] 1994, no writ); *Williams v. City of Angleton,* 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see also* 68 TEX.JUR.3d *Summary Judgment* § 3 at 143 (1989).

Examination of the record in the instant case shows that the trial court rendered summary judgment on JFP's *counter-motion* on December 2, 1992, only sixteen days after the motion was filed. JFP and Canadian Triton jointly requested oral argument on their respective summary judgment motions on December 3. JFP's counter-motion contained no submission date by which to give Canadian Triton notice of when to file a response. The record indicates that JFP gave notice December 16 of a January 11, 1993 setting for submission of its counter-motion. The motion was later re-set for January 25. Canadian Triton's response to JFP's counter-motion for summary judgment was filed January 15, 1993.

It is clear that Canadian Triton did not have twenty-one days notice of the "hearing" of JFP's counter-motion for summary judgment. In fact, Canadian Triton had no idea

the motion was to be acted upon, and neither in fact did JFP, the movant. The trial court had before it no response to the counter-motion with which to help it determine if there were any genuine issues of fact and if JFP was entitled to judgment as a matter of law. *See* TEX.R.CIV.P. 166a(c). Because the requirements of Rule 166a were not strictly followed, we find that there is error apparent from the face of the record.

Because we find that Canadian Triton has met the requirements of appeal by writ of error, we grant the petition.

The judgment of the trial court is reversed, and the cause remanded for further proceedings.[1]

---

1. We do not address the validity of the underlying summary judgment, as it was rendered in the absence of a response by the non-movant. The Court is concerned, however, that both parties, and the trial court, failed to notice that the cause had been disposed of nearly six months prior to the filing of this petition.