**Harry L. BOWLES, Appellant,**

v.

**Grant COOK, Patricia S. Riddick, and Keck, Mahin & Cate, Appellees.**

**No. A14–93–01105–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 2, 1995.

Rehearing Overruled Feb. 23, 1995.

Leslie Werner de Soliz, Houston, for appellant.

Alvin L. Zimmerman, Carmellia C. Boyer, G. Scott Williams, Houston, for appellees.

Before MURPHY, ANDERSON, and HUDSON, JJ.

## OPINION

HUDSON, Justice.

Harry L. Bowles appeals a summary judgment by writ of error. He raises eight points of error challenging the grant of summary judgment. Because we find that Bowles participated in the summary judgment proceeding, we hold that he is not entitled to review by writ of error. Accordingly, we have no jurisdiction and we dismiss this appeal.

■ To attack a judgment by writ of error, an appellant must meet the following requirements: (1) be a party to the suit; (2) file a petition within six months after the signing of the judgment; (3) the filing party must not have participated in the actual trial; and (4) there must be error "apparent from the face of the record." *General Electric Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991). *See also* Tex.R.App.P. 45. An appellate court has no jurisdiction to entertain petitions for writ of error where the appellant participated in the actual trial of the case. *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175, 177 (Tex. App.—Houston [1st Dist.] 1987, no writ). Although the "actual trial" is ordinarily understood to mean the hearing in open court leading to rendition of judgment, what constitutes participation in a trial is a matter of degree. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644–45 (Tex.1985). *See Schulz v. Schulz,* 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ) (filing of plea to the jurisdiction is equivalent to filing an answer and is not sufficient to constitute participation in the actual trial). Taking part in all steps of a summary judgment proceeding other than appearing at the hearing on the motion is participation. *Id.* at 645; *Norman v. Dallas Cowboys Football Club,* 665 S.W.2d 137, 140 (Tex.App.—Dallas 1983, no writ).

■ In *Norman,* the petitioner did not appear at the summary judgment hearing, but participated in the summary judgment proceeding by filing an opposing affidavit and directing interrogatories to the movant. 665 S.W.2d at 139–40. The court held that these actions constituted participation since, in a summary judgment proceeding, "all participation necessary to oppose the motion had

to be concluded before the date of the hearing." *Id.* at 140. Similarly, in *Thacker v. Thacker,* 496 S.W.2d 201, 204 (Tex.Civ. App.—Amarillo 1973, no writ), the court noted that there is no right to present argument for or against a motion for summary judgment and that all party participation necessary in a summary judgment proceeding occurs prior to the date set for the hearing. Because the petitioner in *Thacker* had filed a response and affidavit opposing motions for summary judgment, the court held that she had participated in the actual trial of the case and was not entitled to appellate review by writ of error. *Id.* at 205.[1]

Despite this case law holding that filing of a response to a motion for summary judgment constitutes participation, appellant cites *Canadian Triton Int'l Ltd. v. JFP Energy, Inc.,* 888 S.W.2d 235 (Tex.App.—El Paso, Nov. 17, 1994, n.w.h.) in support of his claim that he did not participate in the proceeding below. In *Canadian Triton,* the plaintiff moved for partial summary judgment and the motion was set for submission. *Id.* at 236. The defendant filed a response together with a counter-motion for summary judgment. *Id.* The plaintiff filed its response to the counter-motion ten days before the counter-motion was set for submission. *Id.* at 237. Unbeknownst to either party, the trial court had granted the counter-motion sixteen days after the defendant filed it. *Id.* at 236. Because the plaintiff-appellant did not have twenty-one days notice of a hearing on the counter-motion, had no notice the counter-motion was to be acted upon, and there was no response to this motion on file at the time the court acted, the appellate court ruled that appellant had not participated at the

---

1. A lone contrary holding is found in *Davis v. Hughes Drilling Co.,* 667 S.W.2d 183 (Tex.App.— Texarkana 1983, no writ), mentioned by appellees in their brief. In *Davis,* the Texarkana court of appeals held that the filing of a response to a motion for summary judgment was not sufficient to constitute participation where, Davis, the non-movant, had no notice of the summary judgment hearing and did not appear at the hearing. *Id.* at 184. This holding is insupportable. Under Rule 166a, no oral testimony shall be received at a hearing on a motion for summary judgment. Tex.R.Civ.P. 166a(c). All participation necessary in the summary judgment context is concluded before the hearing date. *Thacker,* 496 S.W.2d at 204. For these reasons, a trial court may rule on summary judgment motions without holding a hearing. *Gordon v. Ward,* 822 S.W.2d 90, 92–93 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Davis could not have presented oral testimony at the summary judgment hearing even if he had been notified and attended the hearing. The filing of a response to the motion for summary judgment was the only participation necessary to oppose the motion. Because we find no logical basis for the court to hold that Davis did not participate in the actual trial, we decline to follow the *Davis* opinion.

actual trial and was entitled to review by writ of error. *Id.* at 237.

Although appellant contends the facts in *Canadian Triton* mirror the facts here, we find significant differences. In *Canadian Triton,* the counter-motion was granted before a hearing date was set and thus, before the non-movant could file a response. *Id.* at 237. Therefore, the appellant in *Canadian Triton* was unable to participate in the "decision-making event producing the final judgment adjudicating [its] rights." *Id.* at 236–37. Here, appellees filed their motion for summary judgment on November 18, 1992. On December 16, 1991, appellant filed a response, including his affidavit. On December 21, 1992, appellees filed a reply to appellant's response. The motion was not granted until May 13, 1993. No hearing was held. Unlike the appellant in *Canadian Triton,* appellant here had time to respond to the motion for summary judgment and did so long before the motion was granted. This is sufficient to constitute participation in the summary judgment proceeding. Because we find that appellant participated in the actual trial, he has failed to meet the requirements for review by writ of error.

We dismiss this appeal for lack of jurisdiction.