In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-073 CV


____________________



KENNETH ORR AND PATRICIA ORR, Appellants



V.



BARRETT, BURKE, WILSON, CASTLE, DAFFIN, 


& FRAPPIER, L.L.P., DMR FINANCIAL SERVICES, INC., 


AND MVB MORTGAGE CORPORATION, Appellees






On Appeal from the 410th District Court


Montgomery County, Texas


Trial Court Cause No. 98-09-03149-CV






MEMORANDUM OPINION



 Plaintiffs sued defendants for wrongful foreclosure and violations of the Texas
Business and Commerce Code. Defendants that answered filed a plea in abatement alleging
plaintiffs failed to give the required pre-filing notice. See Tex. Bus. & Com. Code Ann. §
17.505(a) (Vernon 2002). On February 25, 2002, the trial court granted the plea in
abatement, and abated the cause for plaintiffs to give proper written notice to defendants. 

 On September 4, 2002, the trial court, on its own motion, set the cause on the court's
dismissal docket, and gave notice to the parties that the case would be dismissed for want of
prosecution on October 23, 2002, "unless a Motion to Retain is filed reflecting good cause
as to why the case should not be dismissed and a trial setting is obtained from the Court
Coordinator." The written notice further informed the parties that any motion to retain must
be in writing and "e-filed" no later than October 10, 2002; that the hearing on any motion to
retain would be by "SUBMISSION" on October 21, 2002; and that counsel must comply
with the trial court's standing order on pre-trial motions and hearings in civil cases, including
the filing of a "Certificate Of In Person Conference With Opposing Counsel." 

 Plaintiffs, on October 10, 2002, "e-filed" their "Motion to Retain," alleging that
defendants informed plaintiffs that, because the amount received at the foreclosure sale of
the manufactured home in question was the exact amount of the debt owed by the plaintiffs,
there was no excess amount over the appraisal amount for the plaintiffs to recover. The
"good cause" for plaintiffs' failure to prosecute their suit was alleged as follows: 

 As a result, Plaintiffs have been in the process of researching the law and
confirming their facts and damages to determine the accuracy of these claims. 
Accordingly, your Plaintiffs respectfully request this Court to retain their cause
on the docket so that they may continue the prosecution of their claims and so
that justice may be served.


Attached to this motion to retain was a "Certificate Of In-Person Conference," which stated
that the matter "has been discussed in person with the attorney for the Defendant, . . . at the
law offices . . . located at . . . Houston, Texas . . . and no agreement on the Motion could be
reached."

 On October 16, 2002, the defendants filed a response contesting the assertions made
in the plaintiff's motion to retain. The response stated that plaintiffs still had not served the
required notice letter. Defendants also contended that plaintiffs did not conduct an in-person
conference with defense counsel of record, whose office is located in Addison, Texas, but
sent a paralegal to the Houston, Texas, office of the defense counsel's firm in an attempt to
obtain an in-person certification. This contention was supported by an affidavit of an
attorney employed at the time in the Houston office of defense counsel's firm. 

 On October 23, 2002, the trial court entered an order dismissing the cause for want
of prosecution. The order provides in part as follows:

 [T]he Court, having heard the Motion to Retain and response to same, was of
the opinion that this case should be dismissed from the docket of this Court for
failure to prosecute, failure to present "good cause" to retain this case on the
docket and failure to comply with this Court's rules in timely and properly
presenting any motion to retain . . .[.] 


Plaintiffs filed a restricted appeal under the provisions of Tex. R. App. P. 30.

 On September 25, 2003, this Court entered an order clarifying whether an order of
dismissal entered on August 8, 2001, was the final, appealable order of the instant cause, or
whether the trial court's October 23, 2002, order of dismissal for want of prosecution was
the final judgment in the cause. This Court ruled that it was the latter, and noted that
plaintiffs had "timely perfected a restricted appeal." Plaintiffs' timeliness in perfecting their
restricted appeal is governed by Tex. R. App. P. 26.1(c). We must decide whether plaintiffs
met the requirements under Rule 30 for prosecuting a restricted appeal so as to permit this
Court to analyze and rule substantively on their appellate issues. 

 To be entitled to a restricted appeal, an appellant must first show he: (1) filed his
notice of restricted appeal within six months after the trial court signed the judgment or
order; (2) is a party to the suit; and (3) did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motion or request for
findings of fact and conclusions of law, or a notice of appeal, within the time permitted by
Rule 26.1(a). See Tex. R. App. P. 30; Clopton v. Pak, 66 S.W.3d 513, 515 (Tex. App.- -Fort
Worth 2001, pet. denied). These requirements are jurisdictional and preclude a party's right
to seek relief by way of a restricted appeal if they are not met. Id. In an amended brief, the
defendants argue that plaintiffs are not entitled to a restricted appeal because plaintiffs
participated in the "decision-making event" that produced the final judgment rendered by the
trial court on October 23, 2002.

 A restricted appeal is available for the limited purpose of providing a party that did
not participate at trial the opportunity to correct an erroneous judgment. Clopton, 66 S.W.3d
at 516. It is not available to give a party who suffers an adverse judgment at its own hands
another opportunity to have the merits of the case reviewed. Id. In determining whether the
nonparticipation requirement of Rule 30 is met, the question is whether appellant 
participated in the "decision-making event" that resulted in the order adjudicating appellant's
rights. Withem v. Underwood, 922 S.W.2d 956, 957 (Tex. 1996) (citing Texaco, Inc. v.
Central Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996)). Participation in the
decision-making event producing the final judgment adjudicating a party's rights will cut off
that party's ability to proceed by restricted appeal. See Lewis v. Beaver, 588 S.W.2d 685,
687 (Tex. Civ. App.- -Houston [14th Dist.] 1979, writ ref'd n.r.e.). Because the question
determines this Court's jurisdiction to consider this restricted appeal, we must address the
"participation" issue.

 On September 4, 2002, the trial court sent plaintiffs' counsel a notice instructing
plaintiffs to tell the trial court why the case should not be dismissed. The trial court's notice
of September 4, 2002, informed the plaintiffs that the "hearing" would be by
"SUBMISSION." 

 Plaintiffs had notice of the dispositive nature of the trial court's "hearing by
SUBMISSION," and timely filed a written Motion to Retain. However, the trial court found
plaintiffs' Motion to Retain to be inadequate in that it did not reflect good cause for retaining
the case on the court's docket, and apparently failed to comply with the trial court's rules for
the proper presentation of motions to retain. 

 Texas courts have held, for summary judgment purposes, that a party "participates"
when the party files a response and affidavit. See Bowles v. Cook, 894 S.W.2d 65, 67-68
(Tex. App.- -Houston [14th Dist.] 1995, no writ); Norman v. Dallas Cowboys Football Club,
Inc., 665 S.W.2d 137, 140 (Tex. App.- -Dallas 1983, no writ); Thacker v. Thacker, 496
S.W.2d 201, 204-05 (Tex. Civ. App.- -Amarillo 1973, writ dism'd). In summary judgment
practice, no oral hearing is required prior to the trial court's rendering a decision on the
motions. See Tex. R. Civ. P. 166a(c). Taking part in all steps of a summary judgment
proceeding, other than appearing at a hearing on the motion, is considered "participation." 
See Bowles, 894 S.W.2d at 67-68.

 As in Bowles, plaintiffs here took part in the proceeding to have the instant cause
retained on the court's trial docket. By timely filing their Motion to Retain, plaintiffs
"participated" in the decision-making event. The final, appealable order of October 23, 2002,
dismissing plaintiffs' cause for failure to prosecute was a ruling on plaintiffs' Motion to
Retain. Because the record indicates that plaintiffs participated in the decision-making event
that led to the dismissal order, they do not meet the requirements of Rule 30 for the
prosecution of a restricted appeal. The appeal must be dismissed for want of jurisdiction. 
See Clopton, 66 S.W.3d at 517.

 APPEAL DISMISSED. 

 PER CURIAM


Submitted on February 20, 2004

Opinion Delivered April 1, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.