Affirmed and Memorandum Opinion filed July 26, 2007








Affirmed and Memorandum Opinion filed July 26, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00549-CV

____________

 

JEFF FORRESTER AND KIM FORRESTER, Appellants

 

V.

 

EMMANUEL GINN, A&R TRANSPORT,
INC., KEITH JACKSON, and STEVE BRANTLEY, Appellees

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 04-04581

 



 

M E M O R A N D U M   O P I N I O N

Jeff Forrester and Kim Forrester (Athe Forresters@) bring this
restricted appeal following the trial court=s dismissal for
want of prosecution.  In their sole issue, the Forresters contend that there is
error apparent from the face of the record stemming from the trial court=s dismissal for
want of prosecution.  We affirm the trial court=s judgment.

 








I.  Background

In January of 2004, the Forresters filed suit against
Emmanuel Ginn, A&R Transport, Inc., Keith Jackson, and Steve Brantley
(collectively referred to as the Aappellees@) for damages
resulting from a traffic accident.  The trial court sent notice dated May 18,
2005 that the case would be dismissed for want of prosecution unless, by June
27, 2005, either: (1) a judgment was signed; (2) a trial scheduling order was
signed; or (3) a verified motion to retain was filed.[1] 
In response, the Forresters filed a verified motion to retain the case on June
17, 2005.  On June 27, 2005, the trial court signed a type-written order to
retain and holographically inserted the words Afor 60 days@ at the end of the
paragraph ordering retention of the case.  The record does not reflect any
further activity other than a motion by the Forresters to substitute counsel
(which was granted), until December 2, 2005 when the trial court entered an
order dismissing the case.  The Forresters filed notice of restricted appeal in
this court on June 2, 2006.[2]

II.  Analysis








In their sole issue, the Forresters argue that the trial
court erred by failing to: (1) give notice of its intent to dismiss prior to
the December 2, 2005 dismissal; (2) specify what actions needed to be taken to
retain the case prior to the December 2, 2005 dismissal; and (3) give notice
when it dismissed the case on December 2, 2005.  The requirements of a
restricted appeal are (1) a notice of appeal must be filed within six months of
the date of the judgment (2) by a party to the suit (3) who did not participate
in the hearing that resulted in the judgment complained of and did not timely
file a postjudgment motion or request for findings of fact and conclusions of
law, and (4) the error complained of is apparent from the face of the record.  Tex. R. App. P. 30; Alexander v.
Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004).  The Forresters are parties to the suit, and they filed their
appeal within six months of the date of the judgment.  The parties dispute
whether the Forresters sufficiently participated at trial and whether the
errors complained of are apparent from the face of the record. 

A.      Participation
at Trial













The appellees argue that the Forresters= filing of their
June 17, 2005 motion to retain was sufficient participation to prevent a
restricted appeal.  We disagree.  The essential inquiry turns on whether the
appellant took part in the Adecision‑making event@ that resulted in
the order adjudicating the appellant=s rights.  Texaco,
Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex. 1996).  We
first note that it is not clear in looking at the record whether there was a
hearing involving the dismissal for want of prosecution.  In support of their
contention that the filing of the June 17, 2005 motion to retain was sufficient
participation, the appellees cite Bowles v. Cook, 894 S.W.2d 65, 68
(Tex. App.CHouston [14th Dist.] 1995, no writ) (holding that the
filing of a response to a summary judgment motion was sufficient participation
to bar a writ of error), and a line of cases applying the Bowles
decision in finding the filing of a motion to retain to be sufficient
participation.  See Orr v. Barrett, Burke, Wilson, Castle, Daffin &
Frappier, L.L.P., No. 09‑03‑073-CV, 2004 WL 637898, at *3 (Tex.
App.CBeaumont Apr. 1,
2004, no pet.) (mem. op.) (finding that appellant=s motion to retain
in response to trial court=s notice of intention to dismiss was
sufficient participation in the decision-making eventCthe dismissal for
want of prosecution);  Bousquet v. Bokeloh, No. 01‑01‑00112‑CV,
2001 WL 780538, at *3 (Tex. App.CHouston [1st
Dist.] July 12, 2001, no pet.) (not designated for publication) (same).  In the
Bowles line of cases, the respective trial courts ruled against the
appellants on the motions (in response to summary judgment and motion to
retain) at issue resulting in the dismissal of each case.  See Orr, 2004
WL 637898, at *3 (AThe final, appealable order of October 23,
2002, dismissing plaintiffs= cause for failure to prosecute was a
ruling on plaintiffs= Motion to Retain.@); Bousquet,
2001 WL 780538, at *3 (finding that the appellant=s motion to retain
Adid not meet the
trial judge=s requirements to avoid dismissal@ thus resulting in
dismissal); Bowles, 894 S.W.2d at 68  (motion for summary judgment
granted following the appellant=s filing of his response to the motion for
summary judgment).[3] 
In contrast, the Forresters were granted relief based on the June 17,
2005 motion to retainCthe trial court retained the case on June
27, 2005.  What ultimately was the decision-making event in this case, the
dismissal order, did not occur until more than five months after the Forresters
filed their motion to retain and the trial court granted that motion.  Because
of this causal gap, we find the Bowles line of cases to be inapplicable
to the facts at hand, and hold that the Forresters= filing of their
motion to retain was not sufficient participation in the decision-making event
to preclude their restricted appeal. 

B.      Error
Apparent on the Face of the Record

The Forresters argue that it is apparent on the face of the
record that the trial court erred in failing to: (1) give notice of its intent
to dismiss prior to the December 2, 2005 dismissal; (2) specify what actions
needed to be taken to retain the case prior to the December 2, 2005 dismissal;
and (3) give notice when it dismissed the case on December 2, 2005.  A court
may dismiss a case for want of prosecution under either Rule 165a or under its
common law inherent authority.  Alexander, 134 S.W.3d at 850; Villarreal,
994 S.W.2d at 630.  Although it is unclear from the record, we will assume
arguendo that the trial court dismissed this case pursuant to Rule 165a as the
Forresters argue.[4]


A court must provide notice of its intent to dismiss when
dismissing for want of prosecution under either Rule 165a or its inherent
authority.  Villarreal, 994 S.W.2d at 630.  The Forresters simply point
to an absence in the record of any notice of intent to dismiss prior to the
December 2, 2005 order to support their contention that they did not receive
such notice.  The supreme court in Alexander held:

A[T]he fact that the record is silent about the sending of notices under
Rule 165a does not establish error on the face of the record.  And mere silence
as to whether notice was sent does not establish that notice was not sent or
that it was sent to the wrong address.  Accordingly, when the record does not
reflect whether notice was sent, that is insufficient to establish reversible
error in a restricted appeal proceeding.@








134
S.W.3d at 849-50.  Therefore, the Forresters have not sufficiently shown error
on the face of the record with respect to notice of intent to dismiss prior to
the December 2, 2005 dismissal.








  Because Rule 165a does not specifically require the trial
court to specify what actions need to be taken prior to dismissal, we construe
the Forresters= second sub-issue as complaining that the trial court
violated the Rule 165a(1) hearing requirements.  Rule 165a requires the trial
court to hold a dismissal hearing in which good cause may be shown for the case
to be maintained on the docket.  Tex. R.
Civ. P. 165a(1); Villarreal, 994 S.W.2d at 630.  The Rule also
requires that the parties be notified of the date and place of the hearing with
the notification of intent to dismiss.  Tex.
R. Civ. P. 165a(1); Alexander, 134 S.W.3d at 851.  A trial court
may, with the notice of intent to dismiss, specify what actions can be taken
prior to the dismissal hearing to avoid dismissal.  See Fontenot v.
Brookshire, No. 03‑05‑00378‑CV, 2007 WL 1711768, at *1
(Tex. App.CAustin June 12, 2007, no pet. h.) (mem. op.)
(analyzing trial court=s notice that the case would be dismissed
unless a motion to retain was filed by a certain date); Clark v. Frantz,
No. 05‑05‑01517‑CV, 2006 WL 3028964, at *1 (Tex. App.CDallas Oct. 26,
2006, no pet.) (mem. op.) (finding no abuse of discretion where trial court
sent notice of intent to dismiss unless a motion to retain was filed within 15
days of such notice); Britton v. Aimco Sandalwood L.P., No. 14‑04‑00985‑CV,
2005 WL 3359711, at *1 (Tex. App.CHouston [14th
Dist.] Dec. 6, 2005, pet. denied) (mem. op.) (finding no error with respect to
trial court=s notice that case would be dismissed unless certain
actions were taken by appellant).  However, it is not required to do so.  See
Tex. R. Civ. P. 165a.  As
mentioned earlier, the record is silent as to whether notice of intent to
dismiss was sent to the parties prior to the December 2, 2005 dismissal.  The
record is also silent as to whether notice of a dismissal hearing, which likely
would have been included with notice of intent to dismiss, was given. 
Furthermore, the record is silent as to whether a hearing was held prior to
dismissal.  As a result, it is not apparent from the face of the record that a
dismissal hearing was not held or that notice of that hearing was not
provided.  See Alexander, 134 S.W.3d at 849-50 (A[T]he fact that
the record is silent about the sending of notices under Rule 165a does not
establish error on the face of the record.@); Gold v. Gold,
145 S.W.3d 212, 213 (Tex. 2004) (finding no error apparent on the face of the
record where the record was silent as to whether notice was sent to appellant).

The Forresters also argue that it is apparent on the face
of the record that the trial court erred in failing to give them notice of the
December 2, 2005 dismissal order.  Once a dismissal order is signed, notice of
that order must immediately be given to the parties.  Tex R. Civ. P. 165a(1); 306a(3).  The Forresters contend that
if any notice was given, it was mailed to the incorrect address.  As support
for this contention, the Forresters rely on a Acomputer printout@ purportedly from
the trial court=s clerk=s office and an
affidavit by their counsel stating he had not received notice and any notice,
if given, was sent to the wrong address.  Alexander made clear that such
extrinsic evidence cannot be considered in a restricted appeal.  134 S.W.3d at
848 (quoting Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture,
811 S.W.2d 942, 944 (Tex. 1991) (AThe rule has long
been that evidence not before the trial court prior to final judgment may not
be considered in a writ of error proceeding . . . .@)).  If such
evidence is necessary, it should be presented in a motion for new trial or a
bill of review.  Id.  The record here is void of any indication as to whether
notice was given of dismissal.  Consequently, the Forresters have failed to
show error apparent on the face of the record.   See Alexander, 134
S.W.3d at 849-50; Gold, 145 S.W.3d at 213.








We appreciate the difficult task an appellant faces when
claiming in a restricted appeal that no notice was given or that a hearing was
not held.  In bringing such a claim, the appellant is required to offer some
affirmative evidence that such procedure was not taken; however, the essential
nature of the claimCthat a procedure was not complied withCimplies that the
record will normally be void of evidence affirmatively proving its truth.  For
this reason, a restricted appeal is often not the optimal vehicle to bring such
arguments.  A motion for new trial or bill of review are more appropriate
procedures because extrinsic evidence can be offered to affirmatively prove
that the procedure did not occur.  See General Electric, 811 S.W.2d at
944 (explaining why a bill of review or a motion for new trial are the
appropriate means of raising issues which rely on extrinsic evidence). 
Alternatively, if a litigant insists on pursuing a restricted appeal, an
advisable strategy might be to request the notice allegedly not given or the
record of the hearing allegedly not had as part of the appellant=s record request
from the trial court.  If the notice was in fact not given (or the hearing not
had), then the record may reflect such a defect on its face in the form of a
notation from the trial court clerk that such a document was unavailable. 
Regardless of the method, the law is clear that there must be some evidence of
error on the face of the record alone, without the supplementation of extrinsic
evidence, in order to bring a restricted appeal.  The Forresters have failed to
show such evidence.  We overrule their sole issue.  

We affirm the trial court=s judgment.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 26, 2007.

Panel consists of
Chief Justice Hedges and Justices Hudson and Guzman.

   

 

 









[1]  While this notice of intent to dismiss is not in the
record, the record reflects that the Forresters requested such notice.  The
Forresters have attached a copy of the notice to their appellate brief, and the
appellees acknowledge the contents of that notice in their brief.





[2]  The Forresters allege that the six month delay
between the order dismissing the case and the filing of their restricted appeal
was due to the fact that neither they nor their attorney received notice of
dismissal until some five months after the order was issued when their attorney
allegedly contacted the trial court=s
clerk=s office.  





[3]  To the extent that the Bousquet and Orr
courts rely on Bowles for the proposition that a motion to retain alone,
without an opportunity to be heard at an oral hearing, can be sufficient
participation to preclude a restricted appeal, we disagree.  See Orr,
2004 WL 637898, at *3 (finding that appellant participated at trial where
appellant filed a motion to retain and trial court dismissed the case without
holding a hearing because the motion to retain was Ainadequate@); Bousquet,
2001 WL 780538, at *3 (holding, without mention of a hearing held in the trial
court to decide issue of dismissal, that appellant participated at trial where
he filed a motion to retain).  Bowles was decided in the context of a
summary judgment proceeding, where an oral hearing on a motion for summary
judgment is not required, and the disposition of the summary judgment is
decided on the written pleadings and evidence.  Tex. R. Civ. P. 166a8; Martin
v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). 
In that situation, a motion or response to a motion for summary judgment would
be directly involved in the decision-making event, as the court makes its
decision based solely on those written pleadings.  In the context of a
dismissal for want of prosecution, however, the court is required to give the
parties an opportunity to be heard at an oral hearing and allow the parties to
present evidence at that hearing.  Tex.
R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip.,
994 S.W.2d 628, 630 (Tex. 1999); Brown v. Brookshires Grocery Store, 10
S.W.3d 351, 354 (Tex. App.CDallas 1999,
pet. denied); see also Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d
398, 402‑03 (Tex. App.CDallas 2001,
pet. denied) (holding that error stemming from the lack of a hearing before
dismissal can be cured by a post-dismissal hearing on a motion to reinstate). 
The disposition of a dismissal for want of prosecution is determined by the
evidence presented at that hearing, rather than by any motions filed prior to
that hearing.  See Tex. R. Civ.
P. 165a; Villareal, 994 S.W.2d at 630.  But see Alexander,
134 S.W.3d at  852 (finding no error where the trial court dismissed the case
without a hearing because notice of the hearing was given and the plaintiff
failed to attend the hearing).  We believe, therefore, that the filing of a
motion to retain alone, without an opportunity to participate in a hearing,
does not constitute sufficient participation in the decision-making eventCthe dismissalCto
prevent a restricted appeal.  

 





[4]  The May 18, 2005 notice of intent attached to the
Forresters brief states that this Acase
is eligible for dismissal for want of prosecution because it has been on file
for more than eighteen months and is not set for trial.@  Rule 165a(2) states that any case not disposed of
within the time standards promulgated by the supreme court may be placed on the
dismissal docket.  Tex. R. Civ. P. 165a(2). 
The current time standard promulgated by the supreme court is eighteen months.  Tex. R. Jud. Admin. 6(b)(1), reprinted
in Tex. Gov=t
Code, tit. 2, subtit. F app.  The order
of dismissal itself does not specify its reasons or under what authority the
trial court dismissed the case (Rule 165a or inherent authority).  Therefore,
it appears that dismissal was pursuant to Rule 165a(2).