Motion
for Rehearing Granted; Memorandum Opinion of July 26, 2007, Withdrawn; Reversed
and Remanded; Majority and
Dissenting Opinions on Rehearing filed January 10, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00549-CV

____________

 

JEFF FORRESTER AND KIM FORRESTER, Appellants

 

V.

 

EMMANUEL GINN, A&R TRANSPORT,
INC., KEITH JACKSON, AND STEVE BRANTLEY, Appellees

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 2004-04581

 



 

M A J O R I T Y   O P I N I O N  ON   R E H E A R I N G 








Jeff and
Kim Forrester (Athe Forresters@) originally brought a restricted
appeal following the trial court=s dismissal of their lawsuit for want
of prosecution.  We issued our memorandum opinion in the restricted appeal on
July 26, 2007, in which we affirmed the trial court=s dismissal.  The Forresters filed a
motion for rehearing in this court on August 28, 2007, and amended their motion
on October 4, 2007.  We grant the Forresters= amended motion for rehearing, vacate
and withdraw our prior memorandum opinion and judgment of July 26, 2007, and
issue this memorandum opinion and judgment in their stead.  

On
rehearing, the Forresters present one argument: that the record affirmatively
reflects the trial court failed to notify them of its intent to dismiss their
case for want of prosecution.  We reverse and remand.

I. 
BACKGROUND

In January 2004, the Forresters filed suit against Emmanuel
Ginn, A&R Transport, Inc., Keith Jackson, and Steve Brantley (collectively
referred to hereinafter as Aappellees@) for damages
resulting from a traffic accident.  The trial court sent notice dated May 18,
2005 to all parties that the case would be dismissed for want of prosecution
unless by June 27, 2005, either (1) a judgment was signed, (2) a trial
scheduling order was signed, or (3) a verified motion to retain was filed.  In
response, the Forresters filed a verified motion to retain the case on June 17,
2005.  On June 27, 2005, the trial court signed a typed order to retain and holographically
inserted the words Afor 60 days@ at the end of the
paragraph ordering retention of the case.  Thereafter, a motion by the
Forresters to substitute counsel was granted; however, the record does not
reflect any further activity until December 2, 2005, at which time the trial
court dismissed the Forresters= case for want of prosecution on its own
motion.  

The Forresters filed their notice of restricted appeal in
this court on June 2, 2006, and argued that the trial court erred in failing to (1) give them
notice of its intent to dismiss their case after it signed its motion to
retain, and (2) specify what subsequent actions needed to be taken to retain
the case prior to December 2, 2005.  In the opinion first issued in this case,
we held that the Forresters failed to show error on the face of the record
because the record was silent as to whether the trial court notified the
Forresters of its intent to dismiss their case.  In their motion for rehearing,
the Forresters argue that all elements of a restricted appeal have been met,
including error on the face of the record.   








II. 
ANALYSIS 

Standard
of Review

To obtain reversal of an underlying judgment by restricted
appeal, the Forresters must establish that (1) they filed notice of the
restricted appeal within six months after the judgment was signed; (2) they
were a party to the underlying lawsuit; (3) they did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
postjudgment motions or requests for findings of fact or conclusions of law;
and (4) error is apparent on the face of the record.  See Alexander v. Lynda=s Boutique, 134 S.W.3d 845,
848 (Tex. 2004); Tex. R. App. P.
26.1(c), 30.  It is
undisputed that the Forresters complied with the first two elements of a
restricted appeal.  Accordingly, we review only whether the Forresters
participated in the hearing that resulted in the judgment complained of and
whether error is apparent from the face of the record.

Participation
at the Hearing








Appellees argue that by filing a motion to retain, the
Forresters participated in the hearing that resulted in the judgment complained
of for purposes of this restricted appeal.   To support of this
contention,appellees cite to Bowles v. Cook, 894 S.W.2d 65, 68 (Tex.
App.CHouston [14th
Dist.] 1995, no writ) (holding that the filing of a response to a summary
judgment motion was sufficient participation in the summary judgment proceeding
to bar a writ of error), and a line of cases applying Bowles that hold
the filing of a motion to retain to be sufficient participation to bar a
restricted appeal.  See Orr v. Barrett, Burke, Wilson, Castle, Daffin &
Frappier, L.L.P., No. 09‑03‑073 CV, 2004 WL 637898, at *3 (Tex.
App.CBeaumont April 1,
2004, no pet.) (mem. op.) (finding that appellant=s motion to retain
in response to trial court=s notice of intention to dismiss was
sufficient participation in the decision-making eventCthe dismissal for
want of prosecution);  Bousquet v. Bokeloh, No. 01‑01‑00112‑CV,
2001 WL 780538, at *3 (Tex. App.CHouston [1st
Dist.] July 12, 2001, no pet.) (not designated for publication) (same).  In Orr
and Bousquet, the trial court denied the appellants= request to retain
their cases, resulting in the dismissal.  Orr, 2004 WL 637898,  at *3
(the final, appealable order of October 23, 2002, dismissing plaintiffs= cause for failure
to prosecute was a ruling on plaintiffs= motion to
retain); Bousquet, 2001 WL 780538, at *3 (holding that the appellant=s motion to retain
did not meet the trial judge=s requirements to avoid dismissal); see
also Bowles, 894 S.W.2d at 68  (motion for summary judgment granted
following the appellant=s filing of his response to the motion for
summary judgment).[1] 
However, unlike Bowles, Orr, and Bousquet, the Forresters= requested relief,
to retain the case on its docket, was granted.  Here, the
ultimate decision-making event in this case, the dismissal order, did not occur
until more than five months after the Forresters= motion was
granted.  Because of this causal gap, we hold the Bowles line of cases
to be inapplicable to the facts at hand. 








More importantly, the essential inquiry turns on whether
the appellant took part in the Adecision‑making event@ that resulted in
the order adjudicating the appellant=s rights.  Texaco,
Inc. v. Cent. Power & Light Co., 925 S.W.2d 586, 589 (Tex.1996).  The
judgment complained of and order adjudicating the Forresters= rights is the
December 2, 2005 dismissal, not the order retaining the case.  There is no
evidence in the record that the Forresters participated in a hearing or trial
regarding the court=s December 2, 2005 dismissal order.  We
therefore hold that the Forresters did not participate in the decision-making
event, the December 2, 2005 dismissal, so as to preclude their restricted
appeal. 

Error
on The Face of The Record

As for
the last element in a restricted appeal, the Forresters argue that the face of
the record shows that the trial court (1) did not give notice of its intent to
dismiss prior to the December 2, 2005 dismissal, (2) did not hold a dismissal
hearing in which good cause could have been shown for the case to be maintained
on the docket, and (3) did not give notice to appellants of the dismissal
order.  To support this argument, appellants rely on (1) a letter dated August
27, 2007, to the clerk=s office requesting various notices, docket entry sheets, and
court orders, and (2) the district clerk=s supplemental record.  








In the
letter dated August 27, 2007, the Forresters requested any notices issued by
the court regarding its intent to dismiss appellants= case, notices setting any hearings
on the court=s intent to dismiss the case, notices of the dismissal order, and docket
sheets on the dismissal hearing.  In the letter, the Forresters also requested
that the clerk=s office indicate whether any of the requested documents were not part of
the court=s file.  The clerk=s supplemental record listed three documents issued by the
court: the June 2005 order retaining the case on the court=s docket, the order substituting
counsel, and the December 2, 2005 dismissal order.  More importantly, however,
the clerk=s supplemental record expressly indicates that the clerk=s office was A[u]nable to locate other items
requested.@[2] We conclude that the face of the
record reveals that the trial court did not notify appellants of its intent to
dismiss their case after retaining it on its docket.[3]








A trial
court=s authority to dismiss for want of
prosecution stems from the express authority of rule 165a of the Texas Rules of
Civil Procedure as well as from the court=s inherent power to manage its own
docket.  Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628,
630 (Tex. 1999); 3V, Inc. v. JTS Enterprises, Inc., 40 S.W.3d 533, 541
(Tex. App.CHouston [14th Dist.] 2000, no pet.).  A trial court may dismiss under
rule 165a on the Afailure of any party seeking affirmative relief to appear for
any hearing or trial of which the party had notice,@ or when a case is Anot disposed of within the time
standards promulgated by the Supreme Court.@  Tex.
R. Civ. P. 165a(1), Tex. R. Civ.
P. 165a(2).  In addition, under the common law, a trial court has
inherent power to dismiss independently of the rules of procedure when a
plaintiff fails to prosecute his or her case with due diligence.  Villarreal,
994 S.W.2d at 630.  Still, a party must be provided with notice and an
opportunity to be heard before a court may dismiss a case for want of
prosecution under either rule 165a or its inherent authority.  See Tex. R. Civ. P. 165a(1) (notice of the
court=s intention to dismiss and the date
and place of dismissal hearing shall be sent by the clerk to each attorney of
record, and to each party not represented by an attorney); Gen. Elec. Co.,
v. Falcon Ridge Apts., J.V., 811 S.W.2d 942, 943 (Tex. 1991).  The failure
to provide adequate notice of the  trial court=s intent to dismiss for want of
prosecution requires reversal.  Villarreal, 994 S.W.2d at 630.     Here,
the trial court granted appellants= motion to retain their case on the
court=s docket.  The order reads: AIT IS ORDERED that the above [sic]
Plaintiff=s Verified Motion to Retain, be hereby retained in the courts of Harris
County, Houston, Texas, and that the Clerk of [the] Court notify all counsel of
record for 60 days.@  The fact that the order retained the case for 60 days does
not divest the trial court of its obligation to notify parties of any
subsequent intent to dismiss the case.  The trial court was still required to
notify the Forresters of its intent to dismiss the case after it retained their
case on its docket.  See Taylor v. Fluker, 843 S.W.2d 234, 235 (Tex.
App.CHouston [14th Dist.] 1992, no writ)
(holding that an order reinstating a case for 30 days cannot be dismissed
thereafter without notifying parties of its intent to dismiss after original
order retaining case on court=s docket).  Here, the face of the record reveals that there
was no notification of the trial court=s intent to dismiss the Forresters= case or a dismissal hearing after
the order retaining the case was signed.  See id.  As a result,
appellants were not afforded an opportunity to be heard.

We hold that the error complained ofB  the trial court
failed to notify appellants of its intent to dismiss their suitB is apparent on
the face of the record.  Having found that the trial court failed to notify
appellants of its intent to dismiss their lawsuit, we hold that the Forresters
have met all elements of a restricted appeal.  See Villarreal, 994
S.W.2d at 630 (the
failure to provide adequate notice of the  trial court=s intent to dismiss for want of
prosecution requires reversal).  We sustain appellants= sole issue on
rehearing.        

We reverse the trial court=s judgment dismissing the case and remand the case for
further proceedings consistent with this opinion.

 

 

 

/s/        Adele Hedges

Chief Justice

 

Judgment rendered and Majority and
Dissenting Opinions on Rehearing filed January 10, 2008.

Panel consists of Chief Justice
Hedges, Justice Guzman, and Senior Justice Hudson.* (Guzman, J.
dissenting.)

* Senior Justice
J. Harvey Hudson sitting by assignment.









[1]  To the extent that the Bousquet and Orr
courts rely on Bowles for the proposition that a motion to retain, alone
without a hearing, can be sufficient participation to preclude a restricted
appeal, we disagree.  See Orr, 2004 WL 637898, at *3 (finding that
appellant participated at trial where appellant filed a motion to retain and
trial court dismissed the case without holding a hearing because the motion to
retain was Ainadequate@); Bousquet,
2001 WL 780538, at *3 (holding, without mention of a hearing held in the trial
court to decide issue of dismissal, that appellant participated at trial where
he filed a motion to retain).  Bowles was decided in the context of a
summary judgment proceeding, where an oral hearing on a motion for summary
judgment is not required and the disposition of the summary judgment is decided
by the written pleadings and evidence.  Tex.
R. Civ. P. 166a(c); Martin v. Martin, Martin & Richards, Inc.,
989 S.W.2d 357, 359 (Tex. 1998).  In that situation, a motion or response to a
motion for summary judgment would be directly involved in the decision-making
event, as the court makes its decision based solely on those written
pleadings.  In the context of a dismissal for want of prosecution, however, the
court is required to conduct an oral hearing and allow the parties to present
evidence.  Tex. R. Civ. P. 165a; Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex. 1999); Brown
v. Brookshires Grocery Store, 10 S.W.3d 351, 354 (Tex. App.CDallas 1999, pet. denied).  The trial court commits
reversible error if it dismisses a case for want of prosecution without holding
a hearing.  See Alexander, 134 S.W.3d at 852 (distinguishing its facts
from Brown, 10 S.W.3d at 354, in which the court held a trial court=s failure to provide an opportunity for a hearing
before dismissal is reversible error).  Therefore, a motion to retain alone,
without a hearing, cannot be sufficient participation because the
decision-making eventCthe hearingCdid
not occur.  

 





[2]  Appellees argue that we should not consider the
clerk=s supplemental record because it became a part of the
record after we issued our first opinion in this case. See Skadden v.
Alfonso, 217 S.W.3d 611, 628-29 (Tex. App.CHouston [14th Dist.] 2006, pet. denied); Tex. First Nat=l Bank v. Ng,
167 S.W.3d 842, 866 (Tex. App.CHouston [14th
Dist.] 2005, pet. granted, judm=t vacated
w.r.m.).  Though disfavored, we have discretion to consider supplements to the
appellate record that are filed after issuance of the opinion and rendition of
the judgment.  See Tex. R. App. P.
55(b).





[3]  Relying on Lynda=s Boutique,
the dissent would deny appellant=s
motion for rehearing on  the basis that the record is silent as to whether
notice was sent to appellant.  In Lynda=s Boutique,
the appellant attempted to use affidavits stating that no notice was mailed to
it to support the argument that there was error on the face of the record.  Lynda=s Boutique,
134 S.W.3d 845, 848.  The Texas Supreme Court reasoned that the affidavits were
extrinsic, as they had been filed after the case reached the Texas Supreme
Court.  Id.  Ultimately, the court held that the record was silent
because Athere [wa]s nothing in the [record] before [the Court]
that affirmatively indicate[d] that notice was given, nor any notation
to establish that notice was omitted.@  Id.
(emphasis added).  The facts are different in the instant appeal.  Unlike Lynda=s Boutique,
there is an affirmative notation on the clerk=s record that no record of notice had been located.