Opinion issued August 30, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00241-CV

————————————

**TIFFANY MITCHELL AND CHRISTOPHER MITCHELL, Appellants**

**V.**

**PINE VILLAGE NORTH ASSOCIATION AND**
**WAYMAN L. PRINCE, Appellees**

---

**On Appeal from the 269th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-71497**

---

## MEMORANDUM OPINION

On April 2, 2018, appellants Tiffany Mitchell and Christopher Mitchell filed

a notice of restricted appeal challenging the trial court's October 13, 2017 judgment

(1) dismissing appellants' claims for want of prosecution and (2) ordering that

appellee's interlocutory judgment authorizing foreclosure signed on August 25, 2017 is final. We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. To qualify for a restricted appeal, appellants must establish that (1) they filed their notice of the restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Whether appellants satisfy the non-participation element for a restricted appeal turns on whether they took part in the "decision-making event" that resulted in an adjudication of their rights. *See Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996). Because decisions on motions for summary judgment are made on the evidence presented to the trial court prior to a summary judgment hearing, a party who has taken part in all steps of a summary judgment proceeding except the hearing on the motion has participated in the decision-making event. *See id.*; *see also Bowles v. Cook*, 894 S.W.2d 65, 67-68 (Tex. App.—Houston [14th Dist.] 1995, no writ) (holding that filing response to summary judgment motion was

2

sufficient participation to bar writ of error because all party participation necessary in proceeding occurred prior to hearing).

A review of the trial court's docket indicates that, on August 25, 2017, appellants filed an objection and response opposing appellees' motion for summary judgment. Filing a response to a motion for summary judgment is sufficient participation to render a restricted appeal unavailable. *See Bowles*, 894 S.W.2d at 67-68. Although the trial court dismissed appellants' claims for want of prosecution, by filing a response to appellees' motion for summary judgment, appellants participated in the decision-making event that resulted in the trial court's final judgment and, thus, do not meet the requirements for a restricted appeal.

The Clerk of this Court notified appellants that this Court might dismiss this appeal for want of jurisdiction unless appellants timely filed a response demonstrating this Court's jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellants failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Lloyd.