**Bruce G. GAYLOR, Appellant,**

v.

**Floyd FLUKER, Appellee.**

**No. A14–92–00484–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 3, 1992.

P. J. Murphy Harmon, Melanie M. Livingston, Houston, for appellant.

Clarence F. Kendall, II, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a final judgment entered in favor of the plaintiff, Floyd Fluker. Appellant claims that the trial court lacked jurisdiction to enter the judgment, and in the alternative, that the Court abused its discretion when it reinstated the case. We affirm the judgment.

Fluker sued the appellant for monies owed under a partnership agreement. On March 7, 1991, the District Clerk's office of Harris County mailed a Notice of Intention to Dismiss For Want of Prosecution to the parties. On April 10, 1991, the plaintiff's Motion to Retain the case was denied. On April 12, 1991, the case was dismissed for want of prosecution. Pursuant to TEX. R.CIV.P. 165a(3) the plaintiff filed a Motion to Reinstate on April 29, 1991. The Court granted the motion on June 11, 1991. The order read:

> IT IS HEREBY ORDERED, that this case is reinstated for a period of thirty days to allow the parties to engage in mediation, all discovery is cut off. No further supplementation of discovery responses or pleadings.

The parties did "engage in mediation" with no positive results. On September 3, 1991, the case was called to trial. A final judgment was subsequently entered in favor of the plaintiff.

In his first point of error, appellant contends that the trial court lacked jurisdiction to enter the final judgment because, by the terms of the reinstatement order, the case was dismissed thirty days after reinstatement. However, there is no order of dismissal and there was no notice of intent to dismiss. Appellant contends the case was reinstated for only thirty days; therefore, it was automatically dismissed on July 12, 1991. He claims that, in the absence of another Motion to Retain, the Court lost its jurisdiction after August 11, 1991. Appellant provides this Court with no authority to support his position and we can find none. We find the claim to be without merit.

Due process requires that notice be afforded a party before a court can exercise its inherent power to dismiss. *McCormick v. Shannon West Texas Memorial Hosp.*, 665 S.W.2d 573, 575 (Tex.App.—Austin 1984, writ ref'd, n.r.e.). A court's order must also provide notice that the case is about to be dismissed. *Id.* The order complained of simply provided that the case was reinstated for a period of thirty days to allow the parties to engage in mediation. There was no notification of dismissal or order of dismissal following mediation.

A case which is reinstated after a dismissal stands upon the docket as if it has never been dismissed. *George v. George*, 564 S.W.2d 172, 174 (Tex.Civ.App.—Tyler 1978, no writ). Rule 165a provides only two alternatives to the trial court: either reinstate or dismiss the case. *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ). It is not an alternative for the trial judge, as appellant suggests, to create a reinstatement order which subsequently dismisses the suit without notice.

Appellant asserts that the trial court's intention to dismiss the case thirty days after reinstatement is clear from the face of the order. To the contrary, the Court's intention was to treat the case like any other case following reinstatement. The case was brought to trial in September of 1991. Generally, any ambiguity in an or-

**236**

der is to be construed in the light of the motion upon which it was granted. *Philbrook v. Berry*, 679 S.W.2d 651, 654 (Tex. App.—Houston [1st Dist.] 1984, no writ). The Motion to Reinstate clearly indicated that the plaintiff desired to go to trial. We overrule appellant's first point of error.

In his second point, appellant contends that the trial court abused its discretion in reinstating the case, because the motion did not adequately comply with Rule 165a(3).

Rule 165a(3) provides: "A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." It further provides that: "The Court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Appellant claims that the Motion to Reinstate must contain a specific explanation that the failure of the party to appear for a hearing or request a hearing on the notice of dismissal was not intentional or the result of conscious indifference. Appellant cites no authority for this position. Rule 165a(3) merely provides that the attorney must set forth the grounds for reinstatement. It does not specify what specific grounds the party should plead in his motion, nor does it require the party to make a specific statement that his failure to respond was not intentional. Instead, it is the Court's duty to make a finding that the failure of the party was not intentional or the result of the conscious indifference. Since the Court reinstated the case, we may presume that it found that the party's conduct was reasonably explained. *Price* at 733.

The motion in this case does contain sufficient grounds for reinstatement. We find that the Court did not abuse its discretion in reinstating the case, and we overrule appellant's second point of error.

It is unnecessary for us to address appellant's third point of error, because his attorney abandoned this point during oral argument.

We affirm the judgment of the Court below.