In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01213-CV

____________


DANIEL LOPEZ GARCIA, Appellant


V.


MUKARRAM A. BAIG, M.D., HOUSTON NORTHWEST MEDICAL CENTER,
AND THEIR PROFESSIONAL ASSOCIATES, MEDICAL STAFF,
PHYSICIANS/NURSES/HOSPITAL EMPLOYEES OF HOUSTON NORTHWEST
MEDICAL CENTER, Appellees






On Appeal from the 133rd District Court 

Harris County, Texas

Trial Court Cause No. 2001-25848 





O P I N I O N
 Appellant, Ronald Lopez Garcia, appeals an order dismissing his medical
malpractice suit for want of prosecution. We address (1) whether the trial court
abused its discretion by dismissing Garcia's suit under Texas Rule of Civil Procedure
165a and (2) whether the trial court erred in not granting Garcia's motion to reinstate,
which was overruled by operation of law. We affirm.Facts

 On May 16, 2001, Garcia, who was incarcerated, filed a medical malpractice
suit arising from the care and treatment of his deceased mother, Rosita Lopez Luis. 
At the time he filed suit, Garcia also filed a pauper's oath. Garcia admits in his brief
that the trial court sent him notice of its intent to dismiss the case for want of
prosecution on October 19, 2001, although this notice is not included in the record. 
Garcia allegedly filed a motion for bench warrant on November 6, 2001, although this
motion is not included in the record. On November 29, 2001, the trial court ordered
the case dismissed for want of prosecution. The record does not show whether the
trial court held a hearing before dismissing the case. On December 19, 2001, Garcia
filed a motion to reinstate, which was overruled by operation of law. Garcia now
appeals. Dismissal Under Texas Rule of Civil Procedure 165a

 In his first point of error, Garcia argues that the trial court abused its discretion
by dismissing his suit under Texas Rule of Civil Procedure 165a. Garcia argues that
the trial court erred by (1) failing to hold a hearing before dismissing his suit and (2)
by dismissing his suit, which he had allegedly prosecuted with reasonable diligence. 


 A court may dismiss a case for want of prosecution "on failure of any party
seeking affirmative relief to appear for any hearing or trial of which the party had
notice." Tex. R. Civ. P. 165a(1). The trial court also has the inherent power to
dismiss a suit if the case is not prosecuted with reasonable diligence. See MacGregor
v. Rich, 941 S.W.2d 74, 75 (Tex. 1997). However, a party must be provided with
notice and an opportunity to be heard before a court may dismiss a case for want of
prosecution under Rule 165a. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d
628, 630 (Tex. 1999). The standard of review is abuse of discretion. Coleman v.
Lynaugh, 934 S.W.2d 837, 838 (Tex. App.--Houston [1st Dist.] 1996, no writ). 

 In his motion to reinstate, Garcia admitted that the trial court had sent him
notice of its intent to dismiss the case for want of prosecution on October 19, 2001. 
We cannot determine what actions the trial court ordered Garcia to take to prevent his
case from being dismissed because this notice is not included in the record. Further,
the record is ambiguous as to whether the trial court gave Garcia an opportunity to
be heard before dismissing his case. Garcia admitted in his motion to reinstate that
the trial court's notice provided that a hearing was set to determine whether to dismiss
the case on November 26, 2001. However, the docket sheet does not reflect whether
a hearing was held. Further, although Garcia claims that he responded to the trial
court's notice with a motion for bench warrant, this motion is not included in the
record for us to consider. On November 29, 2001, the trial court dismissed the case. 


 Garcia was responsible for ordering a complete record so that we could
determine whether or not his suit was properly dismissed for want of prosecution by
requesting the trial court clerk to designate the notice of dismissal and motion for
bench warrant for inclusion in the appellate record. See Tex. R. App. P. 34.5 (in civil
cases, trial court clerk is responsible for including copies of all pleadings in appellate
record; party requesting record must designate any additional items for inclusion); see
also Sisters of Charity of the Incarnate Word v. Gobert, 992 S.W.2d 25, 31 (Tex.
App.--Houston [1st Dist.] 1997, no pet.). Garcia did not designate these items for
inclusion in the record on appeal. Because the record is incomplete, we cannot
determine whether Garcia was given the opportunity for a hearing or whether he had
prosecuted his case with reasonable diligence before it was dismissed. Therefore,
Garcia has waived any error. See Gobert, 992 S.W.2d at 31. 

 We overrule Garcia's first point of error.Denial of Motion to Reinstate In his second point of error, Garcia contends that the trial court erred by not
granting his motion to reinstate, which was overruled by operation of law.

 Texas Rule of Civil Procedure 165a controls the reinstatement procedure for
all cases dismissed for want of prosecution. Gaylor v. Fluker, 843 S.W.2d 234, 235-36 (Tex. App.--Houston [14th Dist.] 1992, no writ). A motion to reinstate must set
forth the grounds therefor and be verified by the movant or his attorney. See Tex. R.
Civ. P. 165a(3). Sections 132.001 and 132.002 of the Texas Civil Practice and
Remedies Code permit inmates to file unsworn declarations that follow a prescribed
form. See Tex. Civ. Prac. & Rem. Code Ann. §§ 132.001, 132.002 (Vernon Supp.
2002). The unsworn inmate declaration must be in writing and be subscribed by the
person making the declaration as true under penalty of perjury. See Tex. Civ. Prac.
& Rem. Code Ann. § 132.002 (Vernon Supp. 2002). A motion for reinstatement is
addressed to the trial court's discretion, and the trial court's ruling will not be
disturbed absent an abuse of discretion. Price v. Firestone Tire & Rubber Co., 700
S.W.2d 730, 733 (Tex. App.--Dallas 1985, no writ). 

 Garcia's motion for reinstatement was not verified or otherwise accompanied
by a proper unsworn declaration. The trial court, therefore, did not abuse its
discretion by not granting his motion to reinstate. See McConnell v. May, 800 S.W.2d
194, 194 (Tex. 1991). 

 We overrule Garcia's second point of error.







 Conclusion


 We affirm the judgment of the trial court.





 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (1)


Do not publish. Tex. R. App. P. 47.4.





















 
1.