**Jeff FORRESTER and Kim Forrester, Appellants,**

**v.**

**Emmanuel GINN, A & R Transport, Inc., Keith Jackson, and Steve Brantley, Appellees.**

**No. 14–06–00549–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 2008.

performance of work or services." *Williams* v. Brown & Root, 947 S.W.2d at 676.

Michael C. Engelhart, Houston, for appellants.

Edward E. Rundell, Lawrence Shepard Searcy, Jr., Alexandria, LA, for appellees.

Panel consists of Chief Justice HEDGES, Justice GUZMAN, and Senior Justice HUDSON.*

## MAJORITY OPINION
## ON REHEARING

ADELE HEDGES, Chief Justice.

Jeff and Kim Forrester ("the Forresters") originally brought a restricted ap-

* Senior Justice J. Harvey Hudson sitting by assignment.

peal following the trial court's dismissal of their lawsuit for want of prosecution. We issued our memorandum opinion in the restricted appeal on July 26, 2007, in which we affirmed the trial court's dismissal. The Forresters filed a motion for rehearing in this court on August 28, 2007, and amended their motion on October 4, 2007. We grant the Forresters' amended motion for rehearing, vacate and withdraw our prior memorandum opinion and judgment of July 26, 2007, and issue this memorandum opinion and judgment in their stead.

On rehearing, the Forresters present one argument: that the record affirmatively reflects the trial court failed to notify them of its intent to dismiss their case for want of prosecution. We reverse and remand.

## I. BACKGROUND

In January 2004, the Forresters filed suit against Emmanuel Ginn, A & R Transport, Inc., Keith Jackson, and Steve Brantley (collectively referred to hereinafter as "appellees") for damages resulting from a traffic accident. The trial court sent notice dated May 18, 2005 to all parties that the case would be dismissed for want of prosecution unless by June 27, 2005, either (1) a judgment was signed, (2) a trial scheduling order was signed, or (3) a verified motion to retain was filed. In response, the Forresters filed a verified motion to retain the case on June 17, 2005. On June 27, 2005, the trial court signed a typed order to retain and holographically inserted the words "for 60 days" at the end of the paragraph ordering retention of the case. Thereafter, a motion by the Forresters to substitute counsel was granted; however, the record does not reflect any further activity until December 2, 2005, at which time the trial court dismissed the Forresters' case for want of prosecution on its own motion.

The Forresters filed their notice of restricted appeal in this court on June 2, 2006, and argued that the trial court erred in failing to (1) give them notice of its intent to dismiss their case after it signed its motion to retain, and (2) specify what subsequent actions needed to be taken to retain the case prior to December 2, 2005. In the opinion first issued in this case, we held that the Forresters failed to show error on the face of the record because the record was silent as to whether the trial court notified the Forresters of its intent to dismiss their case. In their motion for rehearing, the Forresters argue that all elements of a restricted appeal have been met, including error on the face of the record.

## II. ANALYSIS

### Standard of Review

■ To obtain reversal of an underlying judgment by restricted appeal, the Forresters must establish that (1) they filed notice of the restricted appeal within six months after the judgment was signed; (2) they were a party to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004); Tex.R.App. P. 26.1(c), 30. It is undisputed that the Forresters complied with the first two elements of a restricted appeal. Accordingly, we review only whether the Forresters participated in the hearing that resulted in the judgment complained of and whether error is apparent from the face of the record.

### Participation at the Hearing

■ Appellees argue that by filing a motion to retain, the Forresters participat-

ed in the hearing that resulted in the judgment complained of for purposes of this restricted appeal. To support of this contention, appellees cite to *Bowles v. Cook*, 894 S.W.2d 65, 68 (Tex.App.-Houston [14th Dist.] 1995, no writ) (holding that the filing of a response to a summary judgment motion was sufficient participation in the summary judgment proceeding to bar a writ of error), and a line of cases applying *Bowles* that hold the filing of a motion to retain to be sufficient participation to bar a restricted appeal. *See Orr v. Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P.*, No. 09–03–073 CV, 2004 WL 637898, at *3 (Tex.App.-Beaumont April 1, 2004, no pet.) (mem.op.) (finding that appellant's motion to retain in response to trial court's notice of intention to dismiss was sufficient participation in the decision-making event—the dismissal for want of prosecution); *Bousquet v. Bokeloh*, No. 01–01–00112–CV, 2001 WL 780538, at *3 (Tex.App.-Houston [1st Dist.] July 12, 2001, no pet.) (not designated for publication) (same). In *Orr* and *Bousquet*, the trial court denied the appellants' request to retain their cases, resulting in the dis-

missal. *Orr*, 2004 WL 637898, at *3 (the final, appealable order of October 23, 2002, dismissing plaintiffs' cause for failure to prosecute was a ruling on plaintiffs' motion to retain); *Bousquet*, 2001 WL 780538, at *3 (holding that the appellant's motion to retain did not meet the trial judge's requirements to avoid dismissal); *see also Bowles*, 894 S.W.2d at 68 (motion for summary judgment granted following the appellant's filing of his response to the motion for summary judgment).[1] However, unlike *Bowles, Orr*, and *Bousquet*, the Forresters' requested relief, to retain the case on its docket, was **granted**. Here, the ultimate decision-making event in this case, the dismissal order, did not occur until more than five months after the Forresters' motion was granted. Because of this causal gap, we hold the *Bowles* line of cases to be inapplicable to the facts at hand.

More importantly, the essential inquiry turns on whether the appellant took part in the "decision-making event" that resulted in the order adjudicating the appellant's rights. *Texaco, Inc. v. Cent. Power &*

---

1. To the extent that the *Bousquet* and *Orr* courts rely on *Bowles* for the proposition that a motion to retain, alone without a hearing, can be sufficient participation to preclude a restricted appeal, we disagree. *See Orr*, 2004 WL 637898, at *3 (finding that appellant participated at trial where appellant filed a motion to retain and trial court dismissed the case without holding a hearing because the motion to retain was "inadequate"); *Bousquet*, 2001 WL 780538, at *3 (holding, without mention of a hearing held in the trial court to decide issue of dismissal, that appellant participated at trial where he filed a motion to retain). *Bowles* was decided in the context of a summary judgment proceeding, where an oral hearing on a motion for summary judgment is not required and the disposition of the summary judgment is decided by the written pleadings and evidence. TEX. R. CIV. P. 166a(c); *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). In that situation, a motion or re-

sponse to a motion for summary judgment would be directly involved in the decision-making event, as the court makes its decision based solely on those written pleadings. In the context of a dismissal for want of prosecution, however, the court is required to conduct an oral hearing and allow the parties to present evidence. Tex.R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999); *Brown v. Brookshires Grocery Store*, 10 S.W.3d 351, 354 (Tex. App.-Dallas 1999, pet. denied). The trial court commits reversible error if it dismisses a case for want of prosecution without holding a hearing. *See Alexander*, 134 S.W.3d at 852 (distinguishing its facts from *Brown*, 10 S.W.3d at 354, in which the court held a trial court's failure to provide an opportunity for a hearing before dismissal is reversible error). Therefore, a motion to retain alone, without a hearing, cannot be sufficient participation because the decision-making event—the hearing—did not occur.

*Light Co.*, 925 S.W.2d 586, 589 (Tex.1996). The judgment complained of and order adjudicating the Forresters' rights is the December 2, 2005 dismissal, not the order retaining the case. There is no evidence in the record that the Forresters participated in a hearing or trial regarding the court's December 2, 2005 dismissal order. We therefore hold that the Forresters did not participate in the decision-making event, the December 2, 2005 dismissal, so as to preclude their restricted appeal.

### Error on The Face of The Record

■ As for the last element in a restricted appeal, the Forresters argue that the face of the record shows that the trial court (1) did not give notice of its intent to dismiss prior to the December 2, 2005 dismissal, (2) did not hold a dismissal hearing in which good cause could have been shown for the case to be maintained on the docket, and (3) did not give notice to appellants of the dismissal order. To support this argument, appellants rely on (1) a letter dated August 27, 2007, to the clerk's office requesting various notices, docket entry sheets, and court orders, and (2) the district clerk's supplemental record.

In the letter dated August 27, 2007, the Forresters requested any notices issued by the court regarding its intent to dismiss appellants' case, notices setting any hearings on the court's intent to dismiss the case, notices of the dismissal order, and docket sheets on the dismissal hearing. In the letter, the Forresters also requested that the clerk's office indicate whether any of the requested documents were not part of the court's file. The clerk's supplemental record listed three documents issued by the court: the June 2005 order retaining the case on the court's docket, the order substituting counsel, and the December 2, 2005 dismissal order. More importantly, however, the clerk's supplemental record expressly indicates that the clerk's office was "[u]nable to locate other items requested."[2] We conclude that the face of the record reveals that the trial court did not notify appellants of its intent to dismiss their case after retaining it on its docket.[3]

■ A trial court's authority to dismiss for want of prosecution stems from the express authority of rule 165a of the Texas Rules of Civil Procedure as well as from the court's inherent power to manage its own docket. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999); *3V, Inc. v. JTS Enterprises, Inc.*, 40

---

**2.** Appellees argue that we should not consider the clerk's supplemental record because it became a part of the record after we issued our first opinion in this case. *See Skadden v. Alfonso*, 217 S.W.3d 611, 628–29 (Tex.App.-Houston [14th Dist.] 2006, pet. denied); *Tex. First Nat'l Bank v. Ng*, 167 S.W.3d 842, 866 (Tex.App.-Houston [14th Dist.] 2005, pet. granted, judm't vacated w.r.m.). Though disfavored, we have discretion to consider supplements to the appellate record that are filed after issuance of the opinion and rendition of the judgment. *See* TEX. R. APP. P. 55(b).

**3.** Relying on *Lynda's Boutique*, the dissent would deny appellant's motion for rehearing on the basis that the record is silent as to whether notice was sent to appellant. In *Lynda's Boutique*, the appellant attempted to use affidavits stating that no notice was mailed to it to support the argument that there was error on the face of the record. *Lynda's Boutique*, 134 S.W.3d 845, 848. The Texas Supreme Court reasoned that the affidavits were extrinsic, as they had been filed after the case reached the Texas Supreme Court. *Id.* Ultimately, the court held that the record was silent because "there [wa]s nothing in the [record] before [the Court] that affirmatively indicate[d] that notice was given, nor any **notation** to establish that notice was omitted." *Id.* (emphasis added). The facts are different in the instant appeal. Unlike *Lynda's Boutique*, there is an affirmative notation on the clerk's record that no record of notice had been located.

S.W.3d 533, 541 (Tex.App.-Houston [14th Dist.] 2000, no pet.). A trial court may dismiss under rule 165a on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court." TEX. R. CIV. P. 165a(1), Tex.R. Civ. P. 165a(2). In addition, under the common law, a trial court has inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *Villarreal,* 994 S.W.2d at 630. Still, a party must be provided with notice and an opportunity to be heard before a court may dismiss a case for want of prosecution under either rule 165a or its inherent authority. *See* TEX. R. CIV. P. 165a(1) (notice of the court's intention to dismiss and the date and place of dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney); *Gen. Elec. Co. v. Falcon Ridge Apts., J.V.,* 811 S.W.2d 942, 943 (Tex.1991). The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal. *Villarreal,* 994 S.W.2d at 630. Here, the trial court granted appellants' motion to retain their case on the court's docket. The order reads: "IT IS ORDERED that the above [sic] Plaintiff's Verified Motion to Retain, be hereby retained in the courts of Harris County, Houston, Texas, and that the Clerk of [the] Court notify all counsel of record for 60 days." The fact that the order retained the case for 60 days does not divest the trial court of its obligation to notify parties of any subsequent intent to dismiss the case. The trial court was still required to notify the Forresters of its intent to dismiss the case after it retained their case on its docket. *See Gaylor v. Fluker,* 843 S.W.2d 234, 235 (Tex.App.-Houston [14th Dist.] 1992, no writ) (holding that an order

reinstating a case for 30 days cannot be dismissed thereafter without notifying parties of its intent to dismiss after original order retaining case on court's docket). Here, the face of the record reveals that there was no notification of the trial court's intent to dismiss the Forresters' case or a dismissal hearing after the order retaining the case was signed. *See id.* As a result, appellants were not afforded an opportunity to be heard.

We hold that the error complained of—the trial court failed to notify appellants of its intent to dismiss their suit—is apparent on the face of the record. Having found that the trial court failed to notify appellants of its intent to dismiss their lawsuit, we hold that the Forresters have met all elements of a restricted appeal. *See Villarreal,* 994 S.W.2d at 630 (the failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal). We sustain appellants' sole issue on rehearing.

We reverse the trial court's judgment dismissing the case and remand the case for further proceedings consistent with this opinion.

GUZMAN, J., dissents.

EVA M. GUZMAN, Justice, dissenting on Rehearing.

I respectfully dissent from the majority's grant of appellants' motion for rehearing.

Despite the language in our former opinion, the following language from the Texas Supreme Court is dispositive: "The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error.'" *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 849 (Tex.2004) (quoting *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d

942, 943–44 (Tex.1991) (refusing to consider, as proof of lack of notice, affidavits filed in the appellate court "from both the district clerk and its counsel averring respectively that notice was neither given nor received")).[1] Because the clerk of the district court has no affirmative duty to make a record showing whether it did or did not give the required notice,[2] the absence of such a record is no more than silence:

> [T]he fact that the record is silent about the sending of notices under Rule 165a does not establish error on the face of the record. And mere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address. Accordingly, when the record does not reflect whether notice was sent, that is insufficient to establish reversible error in a restricted appeal proceeding.

*Id.* at 849–50.

Under the precedent by which we are bound, the materials presented do not indicate whether there was a failure to send the required notice or whether notice was sent but the clerk of the court simply made no record of its action. Consequently, I would deny the motion for rehearing.

---

1. 811 S.W.2d at 943.

2. TEX. GOV'T CODE ANN. § 51.303 (Vernon 2005) (addressing duties and powers of the clerk of a district court; although the clerk is required to record the acts and proceedings of court, enter all judgments, and record all executions issued, the statute does not contain an affirmative requirement that the clerk record the mailing or failure to mail a required notice); TEX. R. CIV. P. 165a (clerk is required to send notice, but rule contains no requirement that clerk make a record showing that notice was sent).