No. 03-13-00318-CV

IN THE

THIRD COURT OF APPEALS

at Austin, Texas

---

JUAN A. MARTIN-DE-NICOLAS
Appellant

V.

REX JONES
Appellee.

---

Appealed from the County Court at Law No. 2 of
Travis County, Texas
Cause No. C-1-CV-12-008738

---

## APPELLANT'S MOTION FOR EN BANC RECONSIDERATION

---

Filed by:

Juan A. Martin-de-Nicolas
Appellant, Pro Se
5604 Woodview Ave.
Austin, TX 78756
Tel. 512-565-1498



TO THE HONORABLE MEMBERS OF THE THIRD COURT OF APPEALS:

Appellant asks the Court to grant this motion to reconsider the case en banc.

## A) INTRODUCTION

On 28 August 2014, a three-judge panel of this Third Court of Appeals issued the opinion and judgment in this case affirming the lower court's order. The panel consisted of Chief Justice Jones, and Justices Pemberton and Rose.

On 26 January 2015, Justices Pemberton and Rose denied appellant's timely filed motion for rehearing . Chief Justice Jones did not participate.

## B) SUMMARY

The primary issue in this restricted appeal is <u>denial of due process.</u>[1] Specifically, appellee failed to serve appellant a "notice-of-hearing" for the hearing on appellee's summary judgment motion which ultimately disposed of the case. This omission is against the Rules of Civil Procedure (see TRCP 21a & TRCP 166a).

This court's Memorandum Opinion "resolved" the lack of notice issue stated above by holding that a statement made by appellee's counsel during said summary judgment hearing provided "some evidence" that appellant had been

---

[1] <u>Denial of due process</u> as expressed in Appellant's first issue submitted for review in his Appellant's Brief (see Appellant's Brief page 6). Issue #1: Can a case be dismissed during a hearing for a motion for dismissal where the non-movant was not notified of the reset hearing date?

notified.[2] Appellant has categorically denied that he was notified in any way, shape, or form of the reset hearing date for that hearing.

The panel's resolution of this due process issue is at odds with past opinions from the Supreme Court of the United States, the Supreme Court of Texas, and even previous opinions from this Third Court of Appeals.

The primary issue in this case—due process—is of such vital importance to the jurisprudence of the State of Texas that resolution of this issue by the Court en banc is necessary. See Tex. R. App. P. 41.2(c), 49.7.

## C) STATEMENT OF FACTS

The following facts are evident on the face-of-the-record and are repeated here to guide this court in its review of this motion for en banc reconsideration.

1) This case originated in Justice court and was appealed to County Court.

2) On 30 August 2012 county court sent out its first notification to the parties of having received the appeals bond. See Exhibit A (copy of Court Docket, CR: 217-218), arrow #1.

3) On 17 September 2012, appellee filed a motion for summary judgment for lack of jurisdiction. See Exhibit A, arrow #2.

4) On 11 October 2012 appellee filed a notice-of-hearing with a setting date of 25 October 2012. See Exhibit A, arrow #3.

5) On 15 October 2012 appellee apparently faxed a docket call for the 25 October hearing. It is entered in the docket as filed on 16 October 2012. See Exhibit A, arrow #4.

---

[2] RR: 4—MR. BEGA: "Previously set on October 25th and reset today at the request of the plaintiff."

6) On 14 November 2012 (i.e. not 25 October), county court holds a hearing for the summary motion stated in #3 above, grants appellee's motion, and signs an order of dismissal with prejudice. See Exhibit A, arrow #5.

7) The court reporter's record included in this appeal (RR: 2) notes that appellant was not present at this hearing nor represented by counsel. See Exhibit A, arrow #6.

# D) ARGUMENTS & AUTHORITIES

## Summary of the Argument

Because of the severity and finality of a summary judgment dismissal order, a movant must expressly inform the adverse party of the exact setting date of such hearing in order to allow the adverse party sufficient time in which to craft his response to such motion and be heard by the court. Period. There is no circumventing this basic tenant of due process. The case law cited in this motion for en banc reconsideration is equally emphatic about due process being the *sine qua non* of justice.

## En Banc Reconsideration

This Court has the authority to grant this motion and submit the case to the full court, sitting en banc (see TRAP 41.2(c), 49.7). A submission to the full court sitting en banc is appropriate when:

1) its necessary to secure or maintain uniformity of court decisions, or when

2) extraordinary circumstances require en banc consideration (see TRAP 41.2(c)).

## Texas Rules of Civil Procedure

The following Texas Rules of Civil Procedure (TRCPs) control the proper implementation of due process in this appeal:

- TRCP 21—Filing & Serving Pleadings & Motions
- TRCP 21a—Methods of Service
- TRCP 166a—Summary Judgment.

Appellant has categorically stated that he did <u>not</u> receive actual or constructive notice of the hearing date for appellee's summary judgment motion. The facts evident on the face-of-the-record corroborate this assertion. The following discussion will examine <u>what the rules require</u> and <u>what the record reveals</u>.

**TRCP 21** requires a movant to submit motions and the notice-of-hearing thereof, to the court and to adverse parties in writing, and for the clerk to note them on the docket.

The record in this case reveals that the hearing held in 14 November 2012 that disposed of the case <u>was not</u> preceded by the required written notice-of-hearing nor was there any valid notice noted on the docket. The notice-of-hearing that appears on the face-of-the-record (filed 11 October for a 25 October setting) never took place—<u>it never happened</u>! That hearing was canceled, not by agreement of the parties as stated in the Memorandum Opinion, but by an officer of the county court.

These irrefutable facts should have been sufficient for this court to reverse the summary judgment order issued by the county court on 14 November. Similar irrefutable facts <u>were sufficient</u> for the courts in the following case law to reverse faulty judgments.

**TRCP 21a** requires a movant to certify compliance with the rules in writing, over signature, and on the filed instrument. It also allows the non-movant to offer the court proof that the notice or instrument was not received. Such proof may be offered in the form of an affidavit that accompanies the non-movant's response to a summary judgment motion. <u>This rule underscores the importance of allowing the non-movant an opportunity to be heard by the court who hears the motion for dismissal</u>.

**TRCP 166a(c)** increases the three-day minimum filing deadline of TRCP 21 to twenty-one days when it states that "the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." Appellant is of the opinion that the notice-of-hearing is subject to the same twenty-one day requirement although this is not plainly stated in the rule. Appellant's opinion is based on the language of TRCP 21 which states that "an application to the court for an order and notice of any hearing thereon, [...] shall be served on all parties not less than three days before the time specified for the hearing [...]. In other words, the motion and the hearing have the same three-day minimum time

limit for service. No other construction of TRCP 21 is reasonable. It follows then that since TRCP 166a(c) enlarges the minimum notice time to file the motion from three days to twenty-one days, it also enlarges the minimum notice time to file the notice-of-hearing.

Implicit in rule 166a(c) is the assumption that, at the very least, the adverse party has fourteen days in which to craft and serve his or her response—21 days notice for the motion less seven days deadline for the response to the motion. A reasonable person would argue that the respondent should know with certainty when the fourteen-day time period begins and ends. The courts in the following case law have so ruled.

This court should also note that the notice-of-hearing which appears on the face-of-the-record was not filed 21 days in advance of the requested setting date as required by Rule 166a(c). That notice-of-hearing was filed 11 October and the setting was for 25 October (only 14 days in advance, not 21 days in advance).

The record, and this analysis, reveal that the notice-of-hearing on the face-of-the-record is invalid and inconsequential because it does not state the actual date of the hearing that disposed of the case and it was not filed so as to give appellant sufficient time to craft his response and be heard by the court.

Note that this appeal does not rely exclusively on interpreting TRCP 166a(c) as stated above—that is, requiring both the motion and the notice-of-hearing to be

filed 21-days prior to the hearing because any reasonable interpretation of the rules also require for the notice-of-hearing to state the exact date of the hearing and maybe even the exact "time specified for the hearing." See TRCP 21 & TRCP 166a(c). As stated, the defective notice-of-hearing that appears on the face-of-the-record does not state the correct setting date of the dispositive hearing.

At the risk of repeating myself, <u>there is no evidence on the face-of-the-record of any notice-of-hearing being timely filed and giving proper notice of a 14 November 2012 hearing date</u>. As such, this court should grant this motion for en banc reconsideration, and reverse the order of the county court issued 14 November 2012.

## About Assertions Made in the Memorandum Opinion

### Summary Judgment Motion Not Decided On the Merits

The trial court (county court) appears to have granted appellee's motion for summary judgment not base on the merits as asserted in the Memorandum Opinion, but because appellant failed to appear at the hearing and failed to file his response to the summary judgment motion. As documented by the court reporter's record, that hearing probably lasted one minute or less; hardly enough time to give a summary judgment motion the serious consideration it required. The hearing on 14 November 2012 proved that the critics of the summary judgment proceedings in the years before its implementation (1940's–1950's) were right when they objected

to enacting the proposed summary judgment proceedings because it would likely lead, they argued, to "snap judgments."[3] A summary judgment proceeding which lasts a minute or less is certainly a good example of "snap judgment."

Oral Testimony During Summary Judgment Hearing is Inadmissible Evidence

As stated in the Summary (page 2) this court's Memorandum Opinion "resolved" the lack of notice issue, and therefore the due process issue, by holding that a statement made by appellee's counsel during the summary judgment hearing provided "some evidence" that appellant had been notified. Appellant would like to note that the Rules of Civil Procedure require much more than "some evidence" of notification of the hearing setting. They require highly reliable, credible, and admissible evidence, on the face-of-the-record. TRCP 166a(c) states that "no oral testimony shall be received at the hearing." The statement made by Mr. Bega during the 14 November hearing was barred oral testimony, in addition to being hearsay testimony. As such, the testimony was inadmissible as evidence and the Memorandum Opinion should not rely on it to deny appellant a reversal of a deficient order of dismissal by county court.

---

[3] The History of Texas Civil Procedure, Professor William V. Dorsaneo, III; BAYLOR LAW REVIEW [Vol. 65:3] page 729-730.

## Conflicting Court Opinions

Regarding the standards of review, this court's Memorandum Opinion is contrary to opinions of the Texas Supreme Court, other sister Courts of Appeals, and even opinions from this Third Court of Appeals. See:

- *Alexander v. Lynda's Boutique*, 134 SW 3d 845-Tex: Supreme Court 2004
- *Forrester v. Ginn*, 282 SW 3d 513 - Tex: Court of Appeals 2008
- *Cox v. Cox*, 298 SW 3d 726 - Tex: Court of Appeals, 3rd Dist. 2009

This courts Memorandum of Opinion appears to require that two standards of review be met in this appeal. First it requires that the standards of review for a restricted appeal be met (see TRAP 26.1(c) and TRAP 30); then it requires that the reversible errors standard of review be met in order to prevail—or to obtain reversal (see TRAP 44.1).

In *Alexander v. Lynda's Boutique* the Texas Supreme Court stated that to prevail in a restricted appeal, the appellant must establish what amounts to only the standards of TRAP 26.1(c) and TRAP 30, in other words:

1) that it filed notice of the restricted appeal within six months after the judgment was signed,

2) it was a party to the underlying lawsuit,

3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of fact and conclusions of law, and

4) error is apparent of the face-of-the-record.

There has been disagreement in the courts regarding element (4)—that is, when considering if the error is apparent on the face-of-the-record. Some courts have ruled that court clerks are under no affirmative obligation to note certain actions in the docket when the rules only state that "the clerk shall" do this or that without also stating that "the clerk shall" do this or that AND "note such action in the docket." Courts have ruled that obligations such as the notice requirements in TRCP 306a(3)—Notice of Judgment, are an example of such non-affirmative obligations because the clerk has no express duty to note that action on the docket. This is why this appellant chose not to include that error, which is also present in his case, for review to this court in this motion for en banc reconsideration. However, TRCP 21 does place an affirmative duty on the clerk to record the filing of motions and notice-of-hearing on the docket. Therefore, appellant has proved that it has met the requirements of the standard of review for restricted appeals as set forth in *Alexander v. Lynda's Boutique* by the Texas Supreme Court and he is entitled to prevail in this appeal.

The standards of review set fort in Alexander were also set forth by the Court of Appeals of Texas—Houston (14th Dist.) in its *Forrester v. Ginn* opinion and by this Third Court of Appeals—Austin in its *Cox v. Cox* opinion.

Regarding due process, this court's Memorandum Opinion is contrary to opinions of:

1) The Supreme Court of the United States:

- *Peralta v. Heights Medical Center, Inc.*, 485 US 80 - Supreme Court 1988.

2) The Supreme Court of Texas:

- *LBL Oil Co. v. International Power Services, Inc.*, 777 SW 2d 390 - Tex: Supreme Court 1989, Inc.

- *Lopez v. Lopez*, 757 SW 2d 721 - Tex: Supreme Court 1988

3) This Texas Third Court of Appeals:

- *Myers v. County of Williamson*, Tex: Court of Appeals, 3rd Dist. 2011.

The cases underlying these opinions are not identical to the case in this appeal. No two cases are ever "identical." However, the underlying principles of due process that permeate this appeal and those that permeated the cited case law are sufficiently similar to create concern that due process in this appeal is in jeopardy.

In *Peralta v. Heights Medical Center*, Peralta (defendant) was sued for the costs of medical services rendered to one of his employees, debt which Peralta had guaranteed and did not deny. However, the record showed that Peralta was not timely served the citation for the lawsuit. Peralta did not make an appearance or file an answer to the lawsuit. The court entered a subsequent default judgment for Heights Medical Center. Peralta initiated a bill of review proceeding which was derailed by a the granting of a summary judgment motion which claimed Peralta

had not met the three elements of the *Craddock* test. The Court of Appeals affirmed the necessity to meet the *Craddock* test and the Texas Supreme Court denied Peralta's writ of error review citing "No Reversible Error." However, the United States Supreme Court found the holdings of the Texas courts "problematic" and after reviewing the issues ruled in favor of Peralta, and the opinion states:

> [...] a judgment entered without notice or service is constitutionally infirm. An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. [...] Failure to give notice violates the most rudimentary demands of due process of law [...].

*LBL Oil Co. v. International Power Services*, is a post-appearance default judgment case decided by the Texas Supreme Court. The Supreme Court reversed the judgment of the court of appeals and remanded the cause to trial because:

- the record showed that no notice was given to LBL Oil (defendant) of the hearing on the motion dispositive of the case, and
- the appeals court decision conflicted with *Peralta v. Heights Medical Center*.

The *LBL Oil* opinion stated that:

> Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution as set forth in Peralta [...] The record here establishes that [LBL Oil] had no actual or constructive notice of the hearing on the motion for default judgment, which effectively was his trial setting since it was dispositive of the case.

In *Lopez v. Lopez*, Guadalupe Lopez (defendant) was not notified of a trial

setting and consequently did not appear. Citing the Supreme Court's *Peralta*

opinion, the Texas Supreme Court ruled that the absence of notice of a trial setting

violates the defendant's due process rights under the Fourteenth Amendment to the

federal constitution and reversed the judgment of the court of appeals and

remanded the cause to the trial court for a new trial. This case cites *Peralta*.

The *Myers v. County of Williamson* case was decided by this Texas Third

Court of Appeals. The *Myers* case cites *Peralta* as precedent. In *Myers*, although

the central issue appears to be whether Carl Myers (defendant) engaged in

selective acceptance or refusal of certified mail relating to the case, and whether he

had met the *Craddock* requirements, the issue of proper notice is also present. Carl

Myers was sued by several political subdivisions to collect property taxes owed.

Myers timely filed an answer to the suit. Plaintiffs set the case for trial. Myers did

not appear at trial. Upon review, the record showed that although Myers received a

notice of attempted delivery of certified mail prior to trial, the actual delivery of

the certified mail which contained the notice of the trial setting was not received

until after the trial. In addition, the notice of trial lacked a certificate of service. In

the *Myers* opinion, this court stated that:

> A party who proves lack of notice of a trial setting satisfies the
> first *Craddock* element because one cannot show intent or
> conscious indifference with regard to a trial of which one is
> unaware. [...] A defendant who has been denied due process

through lack of notice of a trial setting is entitled to a new trial without further showing.

The due process requirements, central to the cases mentioned above, apply equally to protect the rights of defendants and plaintiffs.

## E) CONCLUSION

In the case at hand, the face-of-the-record contains <u>no evidence</u> that appellee afforded appellant either actual or constructive notice of the hearing of 14 November 2012. Appellee's notice-of-hearing with attached certificate of service, and his faxed docket call, stipulate a hearing setting of 25 October 2012 which did not happen as it was canceled by the court and no additional notice-of-hearing was given or appear on the record.

Appellant has proved that it has met the requirements of the standard of review for restricted appeals as set forth in *Alexander v. Lynda's Boutique* by the Texas Supreme Court and he is entitled to prevail in this appeal

This lack of notice of a trial (or hearing) setting constitutes denial of due process which is a protected right by the Fourteenth Amendment to the federal constitution. As stated in Myers, a defendant (or plaintiff) who has been denied due process through lack of notice of a trial (or hearing) setting is entitled to a new trial without further showing.

Due process is the *sine qua non* of justice.

# F) PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully requests that this Appeals Court grant Appellant's Motion for En Banc Reconsideration, and after reviewing the facts and arguments presented in Appellant's motion, and based on its own *sua sponte* review of the issues:

a) reverse Travis County Court at Law's Order of Dismissal with Prejudice for Lack of Jurisdiction issued 14 November 2012, and

b) either grant Appellant a new trial in county court or grant the JNOV reversing the judgment of justice court, and

c) grant Appellant any other relief which he may be entitled to in justice or in equity.

Respectfully submitted,

By: _____

Juan A. Martin-de-Nicolas
Appellant Pro Se
5604 Woodview Ave.
Austin, TX 78756
Tel. 512-565-1498

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2003 and contains 3,584 words, as determined by the computer software's word-count function, excluding the sections of the document listed in the Texas Rules of Appellate Procedure 9.4(i)(1).

By: _____

Juan A. Martin-de-Nicolas
Appellant Pro Se
5604 Woodview Ave.
Austin, TX 78756
Tel. 512-565-1498
Email: juanmden@yahoo.com

## CERTIFICATE OF SERVICE

This Certificate of Service is to certify that on this 17th day of February 2015, a copy of this Appellant's Motion for Rehearing was served on all counsel of record representing Appellee Rex Jones, via Certified United States Postal Service mail, RRR# 7012·3460·0002·1853·2570 at their address of record.

By: _____

Juan A. Martin-de-Nicolas
Appellant Pro Se
5604 Woodview Ave.
Austin, TX 78756
Tel. 512-565-1498
Email: juanmden@yahoo.com

# APPENDIX—A: Court Docket

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 12:37:27 PM
DATE: Jun 26, 2013
PAGE: 1

C-1-CV-12-008738
PARTY:
COURT/JUDGE: CC1 COUNTY COURT AT LAW #1
FILING DATE: 08-30-2012
DATE CASE ENTERED: 08-30-2012
EVENT CATEGORY:
PERIOD: TO

MARTIN-DE-NICOLAS V JONES

STATUS: DO DISPOSED
CASE TYPE: CJP CV J P APPEAL

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 08-30-2012 | PL 1 | ASM:CV JP APPEAL FILING | | $222.00 |
| | | Create New Case and Assess/Waive - Assessment Event | | |
| 08-30-2012 | PL 1 | ORD:CV CASH BOND ORDERED | | $333.00 |
| 08-30-2012 | | OPN:CV JP APPEAL FILED PRO SE | | |
| 08-30-2012 | PL 1 | ISS:CV NTC OF APPEAL AND COSTS | | |
| 08-30-2012 | DF 1 | ISS:CV MONEY ON DEPOSIT LTR | | |
| 08-30-2012 | PL 1 | PMT:CV CASH BOND PAYMENT | C 92362 | $-333.00 |
| | | Received Of: MARTIN DE NICOL | | |
| | | Memo: TRAVIS CO JP 2 BOND ACCOU NT | | |
| 09-05-2012 | PL 1 | PLD:CV CERT MAIL RTN REC REC'D | | |
| | | SIGNED 9/1/12 | | |
| 09-17-2012 | DF 1 | MOT:CV DISMISS | | |
| | | W/PREJUDICE FOR LACK OF JURISDICTION | | |
| 09-18-2012 | PL 1 | PMT:CV JP APPEAL FILING | C 92685 | $-222.00 |
| | | Received Of: MARTIN DE NICOL | | |
| | | Memo: | | |
| 10-11-2012 | | NTC:CV HEARING | | |
| 10-16-2012 | | PLD:CV FAX DOCKET CALL | | |
| 11-08-2012 | | PLD:CV SCOTT QCR COMPLETED | | |
| 11-14-2012 | | DSP:CV ORDER OF DISMISSAL | | |

ARROW #1

ARROW #2

ARROW #3

ARROW #4

ARROW #5

217

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

C-1-CV-12-008738                           MARTIN-DE-NICOLAS V JONES
          PARTY:
     COURT/JUDGE: CC1   COUNTY COURT AT LAW #1        STATUS:   DO   DISPOSED
     FILING DATE: 08-30-2012                          CASE TYPE:  CJP   CV J P APPEAL
DATE CASE ENTERED: 08-30-2012
     EVENT CATEGORY:
          PERIOD:            TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 11-14-2012 | | EMS:CV JUDGE'S ORDER | | |

DISMISSED WITH PREJUDICE:
PLAINTIFF DID NOT APPEAR IN PERSON OR BY COUNSEL.
DEFENDANT APPEARED BY AND THROUGH COUNSEL ONLY.
9AM DKT
DLS

← ARROW #6

| 02-20-2013 | | MSC:CV RESPONSE | | |

| 03-05-2013 | | MOT:CV TO RECONSIDER | | |

MOTION FOR REINSTATEMENT AND RECONSIDERATION

| 03-12-2013 | | NTC:CV HEARING | | |

| 04-24-2013 | | EMS:CV JUDGE'S ACTION | | |

CASE TAKEN UNDER ADVISEMENT:
dls/2:00pm

| 04-26-2013 | | EMS:CV JUDGE'S ORDER | | |

OTHER: P's Motion to Reinstate and Reconsider DENIED by JEMS
; order forthcoming from Mr. Clark.
amb

| 05-10-2013 | | PLD:CV DESIGNATION OF RECORD | | |

ITEMS TO BE INCLUDED IN THE CLERK'S RECORD

| 05-10-2013 | | MSC:CV REQ FOR REPORTERS RECRD | | |

COURT REPORTERS REC

| 05-10-2013 | | PLD:CV NOTICE OF APPEAL 3RD CT | | |

| 05-20-2013 | | PLD:CV DESIGNATION OF RECORD | | |

DEF'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE CLERK'S REC
ORD

| 05-20-2013 | | MSC:CV APPEAL ASSIGNED TO CLRK | | |

218

Juan A. Martin-de-Nicolas
5604 Woodview Ave
Austin TX 78756

---

February 17, 2015


Jeffrey D. Kyle, Clerk
Third Court of Appeals
PO Box 12547
Austin, Texas 78711

RE:  Court of Appeals Number: 03-13-00318-CV
     Trial Court Case Number: C-1-CV-12-008738

Dear Mr. Kyle:

Please find enclosed:

1) my motion titled Appellant's Motion for En Banc Reconsideration,
2) a copy of this motion inside a self-addressed envelope for your office to stamp with the filing
   date and return to me via USPS mail.

Please note that the motion is due today as per the granted extension of time to file. I am sending
the is motion to you via USPS mail postmarked as of today 17 February 2015.

Sincerely,

Juan A. Martin-de-Nicolas, Plaintiff Pro-Se
Phone: 512-565-1498


Attachment: As stated.

RECEIVED
FEB 1 8 2015
THIRD COURT OF APPEALS

U.S. POSTAGE
$8.45
78731
FCM LG ENV
Date of sale
02/17/15
06 2900
08259733
SSK
B0775502 80 8034

CERTIFIED MAIL™

7012 3460 0002 1853 2587

MARTIAL DE NICOLAS

STIN TX 78784

JEFFREY D. KYLE, CLERK
THIRD COURT OF APPEALS
PO BOX 12547
AUSTIN TX 78711